## SUPREME COURT.

### JOHN W. FRINK agt. THE HAMPDEN INSURANCE COMPANY.

Where, in a policy of insurance, the loss is made payable to a *third person*, who has no interest in the property insured, but claims the insurance as collateral security for liabilities incurred for the insured, prior to the insurance, he can, in case of loss, maintain an action for the insurance money, and recover in his own name.

*Albany General Term, September,* 1865.

*Before* HOGEBOOM, MILLER *and* INGALLS, *Justices.*

APPEAL from an order of special term overruling demurrer. The complaint alleges the defendants to be an incorporation, as an insurance company, under and by virtue of the laws of the state of Massachusetts; the application of one Richard Hurst, of the village of Cohoes, to the company, to be insured against loss or damage by fire upon certain property owned by him, for the term of one year from the first day of August, 1863; that the defendants became insurers, setting out the certificate of insurance in full, "loss, if any, payable to J. W. Frink, as collateral;" the destruction of the insured property of the value of more than the amount covered by the policy, and all the requisite steps to charge the defendants; that previous to the issuing of the certificate, the plaintiff had loaned to Hurst his promissory

notes to an amount exceeding $4,500, and which were in the hands of bona fide holders, and that he is still liable upon said notes to an amount exceeding the sum covered by the certificate ; that said notes are outstanding and unpaid ; that in consideration of the premium of $112.50, the defendants, at the request of Hurst, agreed to pay loss, if any, to Frink, and the plaintiff, therefore, claims to recover the amount of the loss. The defendants demur generally, that the complaint does not state facts sufficient to constitute a cause of action.

S. HAND, *for defendants.*
IRA SHAFER, *for plaintiff.*

*By the court,* MILLER, J. It is not claimed that the plaintiff had any insurable interest in the property insured, but it is insisted that he was the appointee of Hurst the insured, to receive the loss, if any was incurred, and hence is entitled to maintain this action.

In *Grosvenor* agt. *The Atlantic Fire Insurance Company* (17 *N. Y. R.* 391), the action was brought by the mortgagee, to whom the loss was payable, and it was held that he could not recover because of a breach of the conditions of the policy by the mortgagor. The learned judge in this case, held that the plaintiff was the appointee of the party insured to receive the money that might become due from the insurers upon the contract. He says : " The undertaking to pay the plaintiff was an undertaking collateral to and dependent upon the principal undertaking to insure the mortgagor. The effect of it was, that the defendants agreed that whenever any money should become due to the mortgagor upon the contract of insurance, they would, instead of paying it to the mortgagor himself, pay it to the plaintiff. The mortgagor must sustain a loss for which the insurers were liable, before the party appointed to receive the money would have a right to claim it. It is the damage sustained by the party insured, and not by the party appointed to receive payment, that is recoverable from the insurers."

(*Macomber* agt. *The Bainbridge Mutual Fire Insurance Co.* 8 *Cush.* 133.)

He then proceeds to state that, "the insurance being upon the interest of the mortgagor, and he having parted with that interest before the fire, no loss was sustained by him, and of course none was recoverable by his assignee or appointee."

The effect of, and the irresistible inference to be drawn from these observations is, that but for the fact that the mortagor had parted with his interest, and had sustained no loss, that the plaintiff could have recovered as his appointee. (*See also Bidwell* agt. *North Western Ins. Co.* 19 *N. Y. R.* 179, 183.)

The case above cited (17 *N. Y. R.* 391), establishes that the loss being payable to another party instead of the insured, was merely a designation of the person to whom it was to be paid after it had accrued, and was not an assignment of the policy, because payable to another.

In the case at bar, it was an insurance of Hurst, and the plaintiff was the appointee to receive the money in the event of a loss by fire. It was only an agreement collateral to and dependent upon the original undertaking, that *after* a loss had occurred, and not *before*, that the money should be paid over to the plaintiff, and not an assignment of the policy before any loss. If the case of *Grosvenor* agt. *The Atlantic Fire Ins. Co.* is a reliable authority, then it was not necessary for the plaintiff to allege in his complaint that he had an insurable interest, and the plaintiff to whom the loss was payable as appointee, can maintain this action, and unless there is some authority that overrules the doctrine laid down, it must be considered as conclusive in favor of the plaintiff's right to recover.

The defendants' counsel insists that there is such authority and our attention has been particularly directed to the case of *Freeman* agt. *The Fulton Ins. Co.* (14 *Abb.* 398), which is mainly relied upon to sustain an adverse theory. In that case one Stetson was the owner of the steamer Cataline, at the time of the issuing of the policy, and the defendants

insured *the plaintiffs, or whom it might concern, and the loss, if any, was payable to the plaintiffs.* It was held that the complaint was demurrable, and that in order to recover upon a fire insurance policy for the amount of the loss, it must allege that the plaintiff had an interest in the thing insured at the time of the loss, unless the claim was assigned to him afterwards, or he sues as trustee of an express trust, and if he sues as trustee or agent, the complaint should allege the existence of such trust, and show his authority to collect the amount insured.

To make the case cited parallel to the one at bar, Stetson should have been the insured party, and the loss payable to the plaintiffs. As it stands, the plaintiffs, or whom it might concern, were the parties insured. The plaintiffs had no insurable interest, and Stetson was not insured, nor did it appear that the plaintiffs had acted as the trustees, or agents of Stetson, the owner.

Entirely a different question was presented from the one now considered, and I think the authority last cited is not in conflict with 17 *N. Y. R.* And although referred to approvingly in *Fowler* agt. *The New York Indemnity Ins. Co.* (26 *N. Y. R.* 425), yet I understand it was only for what it actually did decide, and not as sustaining a doctrine adverse to the former case.

The facts presented by the complaint here, do not show an assignment before loss to a party who had no interest in the property within the principle of several cases to which we have been referred. (*Peabody* agt. *Washington Ins. Co.* 20 *Barb.* 340; *Fowler* agt. *New York Indemnity Ins. Co.* 26 *N. Y. R.* 423; *Russ* agt. *Life Ins. Co.* 23 *N. Y. R.* 516; *Hooper* agt. *Hudson River Ins. Co.* 17 *N. Y. R.* 427; *Granger* agt. *Howard Ins. Co.* 5 *Wend.* 202.) But a case where the relation of insurer and insured existed between the defendant and Hurst, the owner of the property, until a loss had taken place, when the plaintiff, as the appointee of the insured, steps in and claims, under the agreement, that the defendants should pay the money to him.

There are several other points urged by the defendants'

counsel that cannot be upheld, if the views already expressed are sound and maintainable, and hence a discussion of them is not required.

My opinion is that the case of *Grosvenor* agt. *The Atlantic Fire Ins. Co.* is a decisive authority upon the question discussed, and that the demurrer to the plaintiff's complaint was not well taken.

The order overruling the demurrer must be affirmed with costs, with leave to withdraw the demurrer and put in an answer upon the usual terms.