## R. P. GERMAN V. JOHN RITCHIE.

1. PROTEST—*When not Necessary; Notary's Fees; Damages.* The law does not require that a promissory note, negotiable in form, but remaining in the hands of the original payee, should be protested for non-payment, and therefore neither notarial fees for such protest nor statutory damages can be recovered.

2. PLEADINGS IN JUSTICE'S COURT; *Appeal.* The statute only requires that the defendant file a bill of particulars before a justice of the peace, when thereto required by the plaintiff. And on appeal to the district court no new or amended bill of particulars or answer is necessary unless on motion or application of a party the same is allowed by the court in furtherance of justice.

3. DEFENSE *may be proven, without answer filed.* Where there is no bill of particulars filed by the defendant before a justice of the peace, and no demand therefor, and on appeal no new pleadings are made and no demand is made for any pleadings, the defendant may introduce in evidence any defense that he may have.

*Error from Shawnee District Court.*

GERMAN brought suit before a justice of the peace to recover a balance due on a promissory note, the costs and fees of protesting said note, and the six per cent. damages given by § 14, ch. 14, Gen. Stat. The following is a copy of the note:

"$600.     TOPEKA, OCTOBER 4th, 1870.

"SIXTY DAYS after date I will pay R. P. German, or order, at Topeka Bank and Savings Institution, six hundred dollars, for value received, with interest at the rate of twelve per cent. per annum until paid.     . JOHN RITCHIE."

Plaintiff in his bill of particulars admitted sundry payments amounting to $593.50, and claimed a balance of $37.50, including interest, and the further sum of $1.80 as costs of protesting the note, and the sum of $36 damages by reason of nonpayment. *Ritchie* filed no answer or bill of particulars, and none was demanded by plaintiff. The case was taken to the district court by appeal, and was there tried at the June Term 1871. The plaintiff offered in evidence the notary's certificate showing that on the 6th of December 1870, (that being the third day of grace,) he had made due demand of payment of the note, and had protested the same for nonpayment, etc. Defendant objected, and the evidence was excluded. Ritchie then gave evidence, over plaintiff's objection, tending to show that the contract between the parties to the note was usurious. The court found there was due the plaintiff the sum of six dollars and fifty cents, and gave judgment in his favor for that sum. And from this judgment plaintiff appeals, and brings the record here by petition in error for review.

*John H. Moss*, for plaintiff in error:

1. The note was made payable to German, *or order*, and was by him indorsed to the bank for collection before matur-

ity. It was therefore "negotiable:" § 1, ch. 14, Gen. Stat. Being negotiable, and remaining unpaid it was subject to be protested for nonpayment; § 7, ch. 14. The note being duly protested Ritchie became liable for the notary's fees and for the six per cent. damages provided for in § 14 of said act. It was error therefore to refuse to receive the certificate of protest.

An agent for collection is the "holder" of the note, and may dishonor it by protesting the same: Pars. on Cont., 2, 242, 250, 264, and cases cited.

2. It is said that the words "legally protested," in § 14 of ch. 14, Gen. Stat., imply that there must be an *indorser* to be bound by the protesting before the "damages" allowed by the act can be recovered. It is not necessary to protest a promissory note, or an inland bill, in order to charge the indorser: 3 Kent's Com., 129; Bayley on Bills, 167; 8 Dana, 135; Story on Bills, 333; 1 Pars. on Notes, 643. Our statute does not change this rule. The "protest" is simply the officer's certificate of demand of payment, and that payment has not been made.

Damages of protest allowed by said § 14 are given upon the principle which allows interest on money, withheld after it is due and payable; the contract to pay is not expressed in the instrument, but the law providing for its payment is a part of the contract. The holder of a note is entitled to his money the day it is due; and the holder of any negotiable note in which default is made is entitled to compensation for waiting for his money, and he may have his note protested for the single purpose of charging the maker of the note with the damages allowed on protested paper; 2 Greenl., 243; 3 Kent, 167, 176; and this is what our statute contemplates.

3. It was error to receive Ritchie's testimony tending to show usury. Ritchie failed to file a bill of particulars as required by § 73 of the justice's act, which requires that such bill shall be filed "at or before the hour named for the appearance of the defendant." The defendant wholly failed to file any answer (or bill of particulars) before the justice, or

in the district court on appeal. Sec. 128 of the civil code provides that "every material allegation of the petition *not controverted by the answer*," etc., "shall be taken as true." The defendant being in default for want of an answer the plaintiff was entitled to judgment for the full amount claimed in his petition.

The act of 1870, (§ 7, ch. 88, p. 184,) does not dispense with the necessity for proper pleadings. That act contemplates simply that the *issues* tried before the justice shall be the issues tried in the appellate court, and these issues are to be tried upon the original pleadings, unless in furtherance of justice the court permits new or amended pleadings to be filed. But in no event are the original issues to be changed; and as there was no issue joined, (Ritchie being in default for want of an answer,) the plaintiff's petition should have been taken as confessed. And it was error to allow Ritchie to give evidence of an affirmative defense, of which he had given no notice by bill of particulars, answer, or otherwise.

Suppose A. brings suit before a justice against B. B. suffers judgment by default, and appeals the case to the district court. A. then must go to trial wholly in the dark as to B.'s defense; and B. on the trial in the district court sets up payment, unlawful consideration, usury, or whatever defense he may choose. Under Rule 3 of the district court of Shawnee county A. has no chance whatever to get witnesses at the trial of the cause to combat the defense of B.; and all this because A. was unfortunate enough to commence his case in the justice's court and not before the district court. Such a system of pleading is without a parallel. Even in the days when issues were made up by oral pleadings in court, a defendant must state his defense, and could not prove any defense not pleaded.

*W. P. Douthitt*, for defendant in error:

1. By the law-merchant no protest is required to be made of any promissory note, but it is exclusively confined to

German v. Ritchie.

foreign bills of exchange: 2 How., 66; 6 Wheaton, 146; 1 Douglas, 296.

While a promissory note continues in its original form of a promise from one man to pay another, it bears no similitude to a bill of exchange, yet when it is indorsed the resemblance begins. This point of resemblance once fixed, the law relative to bills becomes applicable to promissory notes. Chitty on Bills, 521. Our statute does not change this rule; and the note in this case not having been indorsed, the law relative to bills of exchange does not apply to it, and the same could not be "*legally* protested." Gen. Stat., 116, ch. 14, § 14; 10 Mo., 719.

2. The law did not require the defendant to file any bill of particulars or other pleading before the justice unless demanded by the plaintiff. No such demand was made. Justice's act, § 71, Gen. Stat., 791.

Sec. 7, ch. 88, of Laws 1870, provides, that on appeal the case shall be tried *de novo* in the district court on the original papers on which the case was tried before the justice, unless the appellate court, in furtherance of justice, allow amended pleadings to be made, or new pleadings to be filed. No application to file amended or new pleadings was made in the district court; hence there was no error in trying the case in that court on the original papers.

The opinion of the court was delivered by

KINGMAN, C. J.: Three questions are presented in this case: 1st, Does the law require a promissory note, negotiable in form, but remaining in the hands of the original payee, to be protested for nonpayment? Clearly not. The protest serves no purpose. It fixes no liability not previously existing, and is not required either by the law-merchant or by statute. In this case the action is brought by the original payee, he averring that he indorsed it to the Topeka Bank for collection only. Upon its maturity no protest for nonpayment was necessary, either to relieve from responsibility or fix a liability. The law not

1. Protest, when unnecessary. Notary's fees and damages.

requiring a protest the notarial charges were not a legal
charge against the maker of the note. 1 Parsons on Notes,
646. Nor was the maker of the note liable for damages for
nonpayment provided for by § 14 of ch. 14, Gen. Stat.
That section only gives the damages where there is a *legal*
protest, and that can only be made where there is some neces-
sity for it, or where it is required by law to determine some
person's liability, or relieve from responsibility. Therefore
there was no error in refusing to admit the protest in
evidence.

II. The law did not require the defendant to file any bill
of particulars or other pleadings before the justice of the peace
unless demanded by the plaintiff. No such demand was
made. Justice's act, Gen. Stat., 791, § 71. Section 73, same
page, fixing the time when the bill of particulars of defend-
ant must be filed, does not pretend to define when
such a paper is required. That is pointed out in
§ 71. If the plaintiff anticipates any of those

2. Defendant's
bill of particu-
lars, when re-
quired.

manifold inconveniences suggested in his argument that might
arise from his being surprised by an unanticipated ground of
defense being sprung upon him by the defendant, he can
guard against such perils by requiring a written bill of par-
ticulars of defendant, if it is such a case as is provided for in
§ 71.

Upon the appeal the cause was tried on the original
papers. No demand was made on defendant for any plead-
ing. The defense was usury. It is contended that it was
error to admit testimony tending to show such a defense, as
there was no bill of particulars or other pleading
setting it up. There was no pleading of any
kind filed by the defendant either before the jus-

3. When answer
not necessary:
affirmative de-
fense may be
proven.

tice or in the district court. We have seen that none was
required before the justice, unless required by the plaintiff.
The law (§ 7, p. 184, laws of 1870,) provides that the case
shall be tried *de novo* in the district court, upon the original
papers, on which the cause was tried before the justice, unless
the appellate court in furtherance of justice allow amended

pleadings to be made or new pleadings to be filed. When no demand was made that the defendant should state his defense in writing we cannot see that the court erred in trying the case as the law provides.

III. It is claimed that from the evidence the judgment is too small. If the plaintiff in error desired an examination of this point he should have asked that the court make separate findings of fact, and then this court could have determined whether the district court erred in applying the law. If we were to decide the judgment too small upon the points made, we should have to weigh testimony, determine to whom credit should be given, and ascertain where the preponderance of evidence was. It has been repeatedly decided that this court is not in as good a situation to settle such questions as the tribunal that saw the witnesses and heard their testimony. Finding no error, the judgment is affirmed.

All the Justices concurring.