*158 The opinion of the court was delivered by
Brewer, J.:

1' piqofplrticulais.

„ TT7. . 2, Waiving conrntiou.

Defendant in error obtained judgment, first, before a justice of the peace, and again on appeal in the district court, against plaintiff in error, for railroad ties delivered in pursuance of a written contract. Of this judgment plaintiff in error complains, and alleges, first, that the bill of particulars was insufficient, and that the court erred in allowing any evidence to be introduced over Donnel’s objections. The contract was made a part 0' -*• of the bill of particulars. It was between-Clark on the one side, and Donnel and one I. G. Butterfield on the other. By it Clark agreed to deliver on the line of Tebo and Neosho railroad from 1000 to 5000 ties of a certain size and quality, and Donnel and Butterfield agreed to pay 50 cents for each tie so delivered which passed the inspection of the agent of the railroad company. The bill of particulars further alleged that Clark duly performed all the conditions of the contract; that he delivered 1016 ties, of the kind and quality specified; that they were accepted by Donnel and Butterfield, and were of the value of 50 cents each; that Donnel and Butterfield paid on account thereof $249, and that there is still due $259. We think the bill of particulars amply sufficient. Independent of -the written contract, if ■Clark delivered, and Donnell and Butterfield accepted, 1016 ties, and such ties were of the value of 50 cents each, the law would imply a contract; and a promise to pay that sum. By the contract Donnel and Butterfield were under no obligation to accept any ties which did not pass inspection, but if they did accept them, they waived the necessity of inspection and became liable for the contract price. The inspection was a condition for their benefit which .an acceptance of the ties waived. There was no error in admitting evidence under the bill of particulars.

*159
3. Hearsay evidence.

*158 Another assignment of error is, that the court permitted Clark to testify as to a conversation with the tie-inspector, and the reasons given for rejecting certain of the ties. The *159 testimony was as follows: “ I went to the inspec£0r an(j asked Eira why he rejected some of the ties, when they were better than the first lot? He said the company had given him strict orders, and he must obey.” While this testimony is plainly incompetent, as mere hearsay, we are unable to see how it wrought any prejudice to the plaintiff in error. By the contract he was bound to pay for only such ties as passed inspection. He had no control over the inspection, and was in nowise responsible for the manner in which it was conducted, or the reasons of the inspector for rejecting any of the ties. The inspector was not the agent of either party, but of the railroad company alone, and his declarations, disconnected from the act and time of inspection, would be, in favor of either pai’ty, only hearsay. If there was in his answer anything which' tended to show any interference or any influence on the part of the plaintiff in error, there might be some possibility of its having prejudiced the jury against him. But as it was, it could have created no prejudice, and certainly did not affect the rights of the parties. So the error was immaterial, and may be disregarded. But it is-said, that it plainly appears that 78 of the ties were rejected by the inspector, and yet must have been taken into account by the jury in making up the amount of the verdict. This is true; but it also appears by uncontradicted testimony that they were all taken by the railroad company; that they were worth fifty cents each, and that Donnel said to Clark “they were all right — he would pay when he got the money.” The jury might well infer from this, as well as from much other testimony, that Donnel received all the ties, waived the inspection, and undertook to pay for all. There was testimony amply sufficient to sustain the verdict.
Another assignment of error is thus presented by counsel for plaintiff in error :
“Clark, at the close of his cross-examination, made this statement: It was the understanding between me and Butter-field that I was not to look to him for pay for ties under this contract, but to Donnel.’ At the beginning of his re-direct *160 examination, in response to a question by his counsel, he farther said: ‘ It [that is, the understanding that Butterfield was not to be looked to for pay,] was also the understanding between Donnel and me.’ This assertion was brought out by Clark’s own counsel. Donnel of course had a right then to know all about this understanding, for various reasons. In the first place, if Clark had discharged Butterfield by any private arrangement between the two, which Clark swore Donnel knew all about, that would undoubtedly have discharged Donnel also to the extent of ‘the proper proportion of the debt or demand for which the person released [Butter-field] was liable.’ (Gen. Stat., p. 183, ch. 21, § 5.) Yet, when questions were put to Clark calculated to elicit information on this subject, on Clark’s counsel objecting the court refused to allow them to be answered.”
A sufficient answer to this is, that this testimony was not pertinent to any issue raised by the pleadings. In response to Clark’s bill of particulars Donnel filed an answer tendering certain issues, and it was proper for the court to limit the inquiry to the issues thus made. True, this answer was filed in the justice’s court, and it may be that no answer was necessary. (Justices act, §71.) But the district court might have required new pleadings. Laws of 1870, p. 184, §7; German v. Ritchie, 9 Kas., 106. Finding pleadings already prepared and filed, it was proper for the court to limit the investigation to the issues presented by these pleadings. If the parties desired to present other issues, they shordd have sought an amendment of the pleadings. Some other points are presented by counsel for plaintiff in error, but none of them seems to us sufficient-to justify us in disturbing the judgment of the district court, and it will be affirmed.
All the Justices concurring.