## H. F. WOOLLEY v. P. VAN VOLKENBURGH.

1. PROTEST DAMAGES — *When Recoverable.* Protest damages are recoverable in this state only when protest is legally necessary to fix the liability of some party to the note or bill.

2. LIABILITY OF GUARANTOR; *Protest not Necessary.* Protest is not necessary in order to fix the liability of a guarantor; hence, in an action by the payee of a note against the maker and a guarantor, protest damages are not recoverable.

### *Error from Saline District Court.*

ACTION by *Van Volkenburgh* and four others, as partners, against the maker and guarantors of the following promissory note:

$425.88.                    SALINA, KANSAS, Nov. 8, 1872.

Six months after date, we promise to pay to the order of P. Van Volkenburgh & Co., four hundred and twenty-five 88-100 dollars, at the Bank of D. W. Powers & Co., Salina, Kansas, value received.          H. F. WOOLLEY.

. On the back of said note was the following indorsement: " We guarantee the payment of the within promissory note," which indorsement was signed, "H. B. MERRILL, M. S. PRICE, Z. W. MORROW, C. POST." At the March Term 1874 the plaintiffs had judgment for $425.88 principal, $35.50 interest, $25.55 protest damages, and $5.12 protest fees— total, $492.05. The defendants made no answer, nor appearance, in the district court, but they now allege error in the allowing of the protest damages and fees, and bring the case here for review.                    .

*J. G. Mohler,* for plaintiffs in error.

*McClure & Humphrey,* and *Clough & Wheat,* for defendants in error.

The opinion of the court was delivered by

BREWER, J.: But a single question is in this case. The action was on a promissory note, brought by the payees against the maker and four guarantors. The payees claimed

and recovered protest damages. Were they entitled thereto? We think not. Protest damages are recoverable only when protest is legally necessary to fix the liability of some party to the note or bill. *German v. Ritchie*, 9 Kas. 106. But notice of nonpayment is not necessary in order to charge a guarantor. It is said by Edwards in his work on Notes and Bills, page 242, after quoting from Chitty on Bills, that, "It is plain from the cases cited by him, as well as from the American authorities, that notice to the guarantor is not a term or condition of the contract; but only a mode of showing that the party guarantied has taken the proper steps to enforce or secure payment of the principal debt, * * * and that the guarantor of a bill is no party to the instrument, and is not by the custom of merchants entitled to notice of the dishonor." See also 2 Parsons on Notes and Bills, 137. Our statute defining the parties who are liable for protest damages does not mention guarantors. It speaks of "drawers, indorsers, makers, and obligors." (Gen. Stat., 116, §§ 14, 15.) We think therefore that there was error in awarding protest damages and fees. It is well settled that any error apparent in the final judgment of a district court may be corrected by suit in error in this court, although no exception was taken thereto by the party complaining, and no appearance by him at the trial and judgment, and no motion made to set aside the judgment.

The judgment of the district court will be modified by striking out the protest fees and damages. The costs of this court will be divided.

All the Justices concurring.