JANE A LASHER, ARTEMAS SAHLER AND WILLIAM LOUNSBERY, RESPONDENTS, *v.* THE NORTH-WESTERN NATIONAL INSURANCE COMPANY, APPELLANT.

*Policy of insurance — arbitration clause — inapplicable, where the company denies all liability — One to whom the loss is made payable may join as a plaintiff with the assured — Failure to state the interest of the assured — when a policy is avoided by.*

A policy of insurance, issued by the defendant, provided as follows : "If differences of opinion should arise between the parties hereto, as to the amount of loss or damage upon property damaged, the subject shall be referred to two disinterested and competent men, each party to select one (and in case of disagreement they to select a third), who shall, under oath, ascertain, estimate and

appraise such partial loss or damage upon each article separately, and their award in writing shall be binding on the parties hereto."

*Held*, that this clause had no application to a case in which there was no difference of opinion as to the amount of the loss or damage, but in which the defendant denied all liability under the policy.

Where a policy of insurance is issued to the owner, and the loss is made payable to others, therein named, as their interest may appear, a joint action lies thereon by the assured and those to whom the loss is made payable.

A policy of insurance was issued to one Jane A. Lasher, "on her household furniture," etc., for $2,500, "loss, if any, payable to Artemas Sahler and Wm. Lounsbery, as their interest may appear." The policy provided that "if the interest of the assured in the property be any other than the entire, unconditional and sole ownership of the property, for the use and benefit of the assured or if the building insured stands on leased ground it must be so represented to the company, and so expressed in the written part of this policy, otherwise the policy shall be void." The assured held the furniture under a contract for its purchase from Sahler and Lounsbery, upon the express agreement that the title should remain in them until the price was paid.

*Held*, that the policy was avoided by the failure of the assured to notify the company of this fact and have it expressed in the policy.

APPEAL from a judgment in favor of the plaintiff, entered upon the trial of this action by the court without a jury.

The action was brought upon a policy of insurance, issued by the defendant, whereby it insured "Jane A. Lasher against loss or damage by fire, to the amount of $2,500, as follows : On *her* household furniture, * * * loss, if any, payable to Artemas Sahler and Wm. Lounsbery, as their interest may appear." The furniture, upon which the insurance was effected, was situate in a building known as "The Woodstock Overlook Hotel," kept by the plaintiff, Mrs. Lasher, and was held by her under an agreement for its purchase from Lounsbery and Sahler, by which they retained the title until the purchase-price should be fully paid. The policy contained a clause, by which "if the interest of the assured in the property be any other than the entire, unconditional and sole ownership of the property for the use and benefit of the said assured, or if the building insured stands on leased ground, it must be so represented to the company, and so expressed in the written part of this policy, otherwise the policy shall be void."

The complaint alleged "that on the 1st day of April, 1875, the goods, wares and merchandize in said policy mentioned, were injured or destroyed to the amount of $25,000." No proof of damages was given upon the trial.

*Carlisle Norwood, Jr.*, for the appellant.

*Wm. Lounsbury*, for the respondents.

BOCKES, J.:

The opinion of Mr. Justice WESTBROOK, giving the grounds of his decision of this case on the trial, is satisfactory, except as to the provisions in the policy relating to the title of the assured to the property covered by it. The non-payment of the premium, charged as a ground for the avoidance of the policy, was unquestionably waived by the company. The waiver, although by parol, was effectual. (*Van Schoick* v. *Niag. Fire Ins. Co.*, 68 N. Y., 434, and cases there cited.) Nor was the action barred by reason of the clause in the policy providing for a reference or arbitration. There was no difference of opinion between the parties as to the amount of the loss or damage; but the defendant denied liability *in toto*. The policy did not provide for a reference or arbitration to determine simply and only a right of recovery; but the provisions applied to a case where there was a difference of opinion between the parties as to the amount of loss or damage occasioned by the fire. As to the binding force of stipulations, for references and arbitrations contained in contracts, see the following cases: *Haggart* v. *Morgan* (5 N. Y., 422); *Binsse* v. *Paige* (1 Keyes, 87); *Hurst* v. *Litchfield* (39 N. Y., 377); *Greason* v. *Keteltas* (17 N. Y., 491); *Gibbs* v. *The Con. Ins. Co.* (20 N. Y. Sup. Ct. [13 Hun], 611, 614.)

Nor was the action prematurely brought, because commenced before the expiration of sixty days from the furnishing of the proofs of loss. The proofs were furnished April sixteenth, and the action was commenced September sixth, thereafter. Thus it seems that more than sixty days had elapsed after the proofs were furnished before the action was commenced. The paper served in August was made and served to verify the fact that the original proofs were authorized and sanctioned by the assured. The proofs having been made out and verified by an agent of the latter, this paper added nothing to the proofs previously furnished to the company as regards the property destroyed, its ownership,

value, or the origin of the fire. The proofs of loss were well furnished April sixteenth. Besides, this question was not in issue on the pleadings. It is also urged that no proof of damages was given at the trial. It was not denied that the property covered by the policy was injured or destroyed by fire April first, and the defendant put in evidence the proofs of loss; also the agreement between Lasher, Sahler and Lounsbery, in which papers the value of the property destroyed was estimated at a sum far exceeding the amount of insurance specified in the policy. This evidence, put in by the company, was at least *prima facie* proof of damages exceeding the amount claimed, and no countervailing proof was offered. But the motion for a nonsuit, on this ground, was as stated in the case, because the plaintiff had not proved "*any damages.*" That the property insured had been destroyed by fire, during the life of the policy, was undisputed; indeed, was not denied in the answer. So this stood admitted on the pleadings. Some damages therefore were admitted, and it was not, consequently, good ground of nonsuit that the plaintiffs had not proved "any damages."

The objection that Mrs. Lasher was improperly joined as plaintiff in the action was properly overruled. Independently of the question whether this objection was not waived by the omission to raise it by demurrer or answer (Code, §§ 144, 148), the complaint and proceedings show that Mrs. Lasher was a proper party to the action. According to the complaint she was certainly a proper party, if not a necessary party, for the contract of assurance was made with her, and the recovery would be by her, the sum recovered to be paid to the other plaintiffs as their interest might appear. So, too, after the evidence was in, the action was still her action, the other plaintiffs obtaining their rights through her recovery. Mrs. Lasher and the other plaintiffs had an interest in the suit, and all as plaintiffs. How the recovery was to be divided or disposed of between the plaintiffs was of no account to the defendant. The action was maintainable by all the plaintiffs jointly, as they were all interested as plaintiffs in the prosecution of the action upon the contract. The controlling issues in the case, on the pleadings, related to matters between Mrs. Lasher and the defendant, and went directly to her right of

recovery, and a failure to establish a right of action in her would defeat all right of action in the other plaintiffs, as they claimed through or under her. As was said in *Grosvenor* v. *The Atl. Fire Ins. Co.* (17 N. Y., 391), "the mortgagor must sustain a loss for which the insurers were liable, before the party appointed to receive the money would have a right to claim it." It is there said that "it is the damage sustained by the party insured, and not by the party appointed to receive payment, that is recoverable from the insurers." (See, also, *Frink* v. *Hamp. Ins. Co.*, 45 Barb., 384; *Cone* v. *The Niagara F. Ins. Co.*, 60 N. Y., 619.) It is not necessary here to consider the question, whether the parties named as payees in the policy might not alone maintain the action in cases like this in hand. The question is, whether the assured and his appointed payees may not join in the action. Certainly all of them have an interest in the recovery claimed. This should give the right of action to them jointly in case they so elect to join. It was held in *Cone's Case* (*supra*), that the defendant could make no inquiry into the state of the accounts between the assured and the payees appointed in the policy. As between the assured and her appointed payees, the latter could have from the recovery only to the extent of their interest. But with the division of the recovery the defendant has no concern. The issues in the case are made between the plaintiffs, on the one side, and the defendant on the other. The motion to dismiss the complaint as to Mrs. Lasher was properly denied. The above suggestions, as well as the authorities cited, apply to and sustain the ruling on the motion to dismiss the complaint as to Sahler and Lounsbery. The motion was properly denied as to them.

We are now brought to the formidable difficulty in the way of a recovery in the action. It is provided in the policy that "if the interest of the assured in the property, whether as owner, trustee, consignee, factor, agent, mortgagee, lessee, or *otherwise*, be not truly stated in this policy, then this policy shall be void;" and, also, that "if the interest of assured in the property be any other (than the entire unconditional and sole ownership of the property for the use and benefit of the said assured), it must be so represented to the company, and so expressed in the written part of the policy, otherwise the policy shall be void." Now, the interest

of Mrs. Lasher, the assured, in the property was not truly stated in the policy. The property was designated in the policy as "her" property; yet the title to it was in Sahler and Lounsbery. Mrs. Lasher was in possession of the property under a contract with Sahler and Lounsbery for its purchase; but it was expressly provided in the contract between them, that the title should not pass to Mrs. Lasher, but should remain and continue in Sahler and Lounsbery until the contract price, $19,286.35, was fully paid; and it appears that she had paid at the time of the loss about $5,000 of the contract price, leaving then unpaid of the same about $17,000. Thus Mrs. Lasher had but an equitable interest in the property; the legal title being in Sahler and Lounsbery. By the terms of the policy her interest should have been so stated, to render the insurance contract valid. The provision is, that if her interest in the property, "whether as owner, trustee, * * * * or otherwise," should not be "truly stated" in the policy, then that it should be void. There is no statement in the policy indicating that her interest in the property was a mere equity, and that the legal title thereto was in another, or others, as was the fact. Her interest was not therefore "truly stated" in the policy. This is not a case of fraud in the representation of the title of the assured to the property. Had it been so, the statement in the policy that the insurance was "on her" property would have been sufficient, in the absence of all fraud, to support a recovery on her equitable title. One having an equitable title to property has an insurable interest in it, and in the absence of fraud, or of an express warranty as to title, the property would be well described in a policy, in general terms, as "his" property. Such statement of title, unless made the basis of contract constituting a warranty, would be treated as a representation, and would not prejudice the rights of the assured, unless in some way material to the risk, untrue and not made in good faith. (*Owens* v. *Holland's Purchase Fire Ins. Co.*, 56 N. Y., 565; *Dohn* v. *The Farmers' Joint Stock Ins. Co.*, 5 Lans., 275.) But this is a case of express contract between the assured and the insurer, declaring in what case the policy should be inoperative and void. The parties stipulated for themselves, and the stipulation, not being unlawful, bound them to its terms; they agreed that in case

the interest of the assured in the property should not be "truly stated" in the policy, then that the contract of insurance should be void. The provision was a lawful one and was binding. The interest of the assured was not truly stated in the policy, hence it was void by the expressed stipulation of the parties to it. The learned judge found that Fredenburgh was the authorized agent of the company to deliver the policy and collect the premium, and that he knew the real interest of the several parties plaintiffs in the insured property. If these facts were well found, it might be maintained that there was a waiver of the condition contained in the policy above considered, in which case the recovery could be upheld. (*Van Schoick* v. *Niagara Fire Ins. Co.*, 68 N. Y., 434; *Bodine* v. *Exch. Fire Ins. Co.*, 51 N. Y., 117; *Davis* v. *The Lamar Ins. Co.*, MS. opinion, Third Dept., May Term, 1879.)* But there is no proof that Fredenburgh was informed or had knowledge of the true state of the title to the property when the insurance was effected and the policy delivered. That he had before procured insurances upon the property did not prove knowledge in him of the true state of the title when this policy was issued; nor did the policy itself, wherein payees were appointed to receive the money in case of loss or damage, as *their interest might appear*, show knowledge in the agent or company of the true condition of Mrs. Lasher's title to the property. Such statement or provision in the policy would not, of itself, operate as a waiver of the conditions, or estop the company from insisting on its breach as a bar to a recovery therein. (*Grosvenor* v. *The At. Ins. Co.*, 17 N. Y., 391; *Bidwell* v. *North-western Ins. Co.*, 19 id., 179; *Ripley* v. *The Ætna Ins. Co.*, 30 id., 136; *Noyes* v. *The Hart. F. Ins. Co.*, 54 id., 668; *Van Schaick* v. *Niag. F. Ins. Co.*, 68 id., 434; *Pitney* v. *The Glen's Falls Ins. Co.*, 65 id., 6.) There was no express waiver in the policy; nor were any facts proved outside the policy on which to found either a waiver or an estoppel. The agreement of the parties, therefore, that the policy should be void in case the interest of the assured in the policy should not be truly stated therein remained in full force and vigor. The judgment must be reversed.

BOARDMAN, J., concurred.

---

* See post p. 230.

LEARNED, P. J. :

In concurring with the result of the foregoing opinion I do not wish to be understood as holding that the plaintiff was not bound to make proof of her damages under the pleadings (*Huntington v. Conkey*, 33 Barb., 218), or that there was any evidence on that point ; or any failure on the defendants part to present the question properly.

The general rule is that where damages are unliquidated they must be proved, although not formally denied.

Judgment reversed, new trial granted, costs to abide event.