Cramer v. Eagle Manufacturing Co.

ABRAM CRAMER AND J. B. TODD v. THE EAGLE MANU-
FACTURING CO.

JUDGMENT FOR PROTEST FEES AND DAMAGES, *Error*. Where an action
is brought on a promissory note, negotiable in form, by the original payee
against the makers only, and the petition contains no allegation that the
note has ever passed out of the hands of the payee, or that any transfer,
by indorsement or otherwise, has ever been made, *held*, error to admit
testimony of transfers and indorsements, over the objection of the mak-
ers; and also, *held*, error to render judgment for notarial fees for protest,
or for statutory damages.

*Error from Johnson District Court.*

ACTION by the *Eagle Manufacturing Company* against the
makers of a certain promissory note. The petition was filed
January 8, 1879, and is as follows:

"Plaintiff states that it is a corporation duly organized under
and by virtue of the laws of the state of Iowa, and that said
defendants, by their certain promissory note, herewith filed
and made part of this petition, dated March 30th, 1878,
promised, for value received, one hundred days after the date
thereof, to pay plaintiff, at the Mastin Bank, Kansas City,
Missouri, the sum of three hundred and fifty-nine and $\frac{60}{100}$
dollars, with ten per cent. interest per annum after due.

"Plaintiff says that at the date of maturity of said note,
to wit, on the 11th day of July, 1878, the same was pre-
sented to the teller of said Mastin Bank at Kansas City, and
payment demanded; that the teller of the bank refused to
pay off said note, or any part thereof; whereupon the said
note was duly protested on said day, and all the parties con-
cerned notified according to law; and that in consequence of
the non-payment of the note at its maturity, and the protest-
ing of the same, plaintiff is damaged in the sum of twenty-
five dollars in addition to the costs and expenses of the
protest, and that said sum of three hundred and fifty-nine
and $\frac{60}{100}$ dollars, with interest thereon at the rate of ten per
cent. per annum from said 11th day of July, 1878, and also
the sum of twenty-five dollars for damages, and the sum of
two and $\frac{50}{100}$ dollars paid out by plaintiff for protest fees, and
the further sum of twenty-one and $\frac{57}{100}$ dollars, being six per

cent. of the sum due at the date of protest, are all due from said defendants to plaintiff, and unpaid.

"Wherefore plaintiff prays judgment for said sum of three hundred and fifty-nine and $\frac{60}{100}$ dollars, with interest thereon at the rate of ten per cent. per annum from the 11th day of July, 1878, until paid, and for the further sum of forty-nine and $\frac{7}{100}$ dollars in full for the plaintiff's damages, interest, and costs of protest, and for all other proper relief.

"ENOCH B. GILL,

"GEO. B. LORD,

"*Att'ys for Plaintiff.*"

The following is the copy of promissory note to said petition attached, and marked "Exhibit A":

"$359.60.	GARDNER, JOHNSON CO., KANSAS, }
March 30th, 1878.	}

"One hundred days after date, we promise to pay to the Eagle Man'f'g Co., or order, three hundred and fifty-nine $\frac{60}{100}$ dollars, at Mastin Bank, Kansas City, Mo., with interest at the rate of ten per cent. per annum after due, value received.	ABRAM CRAMER.
J. B. TODD."

The proper revenue stamp was affixed to said note, and duly canceled; and the following words were written across the face of the note, to wit: "Protested for non-payment, July 11th, 1878.—J. H. Lipcomb, Notary." And upon the back of said note were the following indorsements, to wit: "*Eagle Mfg. Co., T. O. Dwinney, Treas.*" "Pay *Jno. J. Mastin, Cash'r,* or order, for collection, account of First National Bank of Davenport, Ia.—*John B. Fiddlar, Cash'r.*" But those parts of said indorsements printed in *italics* were erased by ink-lines drawn through them.

On February 25, 1879, the defendants filed an answer, admitting that they executed the note sued on, and denying the other allegations and statements in the petition. Trial had at the March Term, 1879, before the court, a jury being waived. General finding for plaintiff, and judgment for the full amount of the note and interest, and in addition, the sum of $2.50 for costs of protest paid by plaintiff, and $21.57, being statutory damages on account of the protest of the note.

Defendants excepted to the protest fees and protest damages being allowed, and the objections being overruled, they bring the case here.

I. O. Pickering, for plaintiffs in error.

Enoch B. Gill, for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: The single question in this case is, Was the payee entitled to recover protest fees and damages? The law does not require that a promissory note remaining in the hands of the original payee shall be protested for non-payment, and neither notarial fees for protest, nor statutory damages, are recoverable, except in cases where the protest is legally necessary to fix the liability of some party to the note or bill. (German v. Ritchie, 9 Kas. 106; Woolley v. Van Volkenburgh, 16 Kas. 20.)

In the case at bar, the action was brought by the original payee; no averment was made in the petition that the note had ever passed out of the payee, or that any indorsement had ever been made thereon; and no allegation of any kind is set forth in the pleadings that a protest was necessary to fix the liability of any party to the note. The indorsements that appear to have been erased before the commencement of the action, of course cannot be taken into consideration. They do not count. Hence, the petition did not state facts sufficient to constitute any claim for protest fees, or protest damages, and the court committed error in admitting, against the objections of the makers of the note, testimony of transfers and indorsements.

The judgment of the district court will be modified by striking out the sum of $24.07, the costs of protest and protest damages, and the defendant in error will be adjudged to pay all the costs in this court.

All the Justices concurring.