## THE WESTCHESTER FIRE INSURANCE COMPANY v. W. T. COVERDALE.

1. FOREIGN INSURANCE COMPANY — *Service of Summons.* Where an action is commenced against an insurance company of another state or of a foreign government, doing business in this state, and the only service obtained upon the company is through the superintendent of insurance of the state, the summons must be directed to the superintendent, and require the defendant to answer by a certain day, not less than 40 days from its date; but the form of the summons is the same as prescribed in ₰ 59 of the code, except it is directed to the superintendent of insurance, and not to the sheriff of the county where the action is pending.

2. ACTION ON POLICY — *Rights of Mortgagee.* An insurance company issued a policy of fire insurance to C. upon his frame building. A loan and investment company held a mortgage thereon, and, at the issuing of the policy, the insurance company, with the consent of the holder of the premises, made a written indorsement or stipulation thereon, to the effect that the loss, if any, was payable to the loan and investment company. It stated, in substance, that the insurance, as to the interest therein of the mortgagee only, should not be invalidated by any act or neglect of the mortgagor or owner, and that whenever the company should pay the mortgagee any sum for loss, claiming that as to the mortgagor or owner no liability therefor existed, the company should be subrogated to all the rights of the mortgagee in any securities held for the mortgage debt, not affecting, however, the right of the mortgagee to recover the whole of his claim; or, that the company might, at its option, pay the whole of said claim and take an assignment of the mortgage at the time of such payment. *Held,* That the loan and investment company has, by the "mortgage clause" of the policy, a contract with the insurance company, and the mortgagor cannot maintain an action on the policy, unless the mortgage is paid, or the owner has authority from the loan and investment company so to do.

*Error from Sumner District Court.*

ON the 6th day of August, 1888, the Westchester Fire Insurance Company, doing business in this state, issued its policy of insurance for $800 on a 2½-story frame building, on lot 5, block 67, in the city of Wellington, owned by W. T. Cover-

dale. Attached to the policy, and as a part thereof, was the following written "mortgage clause," or stipulation:

"Loss, if any, payable to the Southern Kansas Farm Loan and Investment Company, mortgagee or assigns, as hereinafter provided; it being hereby understood and agreed that this insurance, as to the interest of the mortgagee, shall not be invalidated by any act or neglect of the mortgagor or owner of the property insured, nor by the occupation of the premises for purposes more hazardous than are permitted by the terms of this policy: *Provided,* That in case the mortgagor or owner neglects or refuses to pay any premium due under this policy, then, on demand, the mortgagee shall pay the same: *Provided, also,* That the mortgagee shall notify this company of any change of ownership or increase of hazard which shall come to his or their knowledge, and shall have permission for such change of ownership or increase of hazard duly indorsed on this policy: *And provided further,* That every increase of hazard not permitted by the policy to the mortgagor or owner shall be paid for by the mortgagee on reasonable demand, and after demand made by this company upon and refusal by the mortgagor or owner to pay, according to the established schedule of rates. It is, however, understood that this company reserves the right to cancel this policy, as stipulated in the printed conditions in said policy; and also to cancel this agreement, on giving 10 days' notice of their intention to the mortgagee named therein, and from and after the expiration of the said 10 days this policy shall be null and void. It is also agreed, that whenever this company shall pay the mortgagee any sums for loss under this policy, and shall claim that as to the mortgagor or owner no liability therefor exists, it shall at once and to the extent of such payment be legally subrogated to all the rights of the party to whom such payments shall be made, under any and all securities held by such party for the payment of said debt. But such subrogation shall be in subordination to the claim of said party for the balance of the debt so secured; or said company may, at its option, pay the said mortgage, the whole debt so secured, with all the interest which may have accrued thereon to the date of such payment, and shall thereupon receive from the party to whom such payment shall be made an assignment and transfer of said debt, with all securities held by said parties for the payment thereof. To attach to policy No. 216183 of the

Westchester Insurance Company, of New York; issued at its Wellington, Kas., agency.　　A. H. Shirley, *Agent.*"

The building was destroyed by fire in September, 1888. On the 23d day of April, 1889, W. T. Coverdale brought his action against the Westchester Fire Insurance Company to recover $800, the amount of the insurance. His petition alleged, among other things, that the policy of insurance was issued to him in consideration of $20 paid by him; that the property therein insured was destroyed by fire in September, 1888; that he had kept and performed the covenants, provisions and conditions of the policy, and that he was entitled to recover from the insurance company on such policy of insurance $800, with interest from the 1st of October, 1888. He attached to this petition and made a part of it, as "Exhibit A," the policy of insurance, with the "written mortgage clause," or stipulation referred to. Upon a *præcipe* filed with the clerk, requesting a summons to issue against the Westchester Fire Insurance Company, and to be directed to the superintendent of insurance of the state, a summons in the following form was issued by the clerk of the district court of Sumner county:

"State of Kansas, Sumner County, ss.

"*The State of Kansas, to the Superintendent of Insurance within and for the State of Kansas, greeting:*

"You are hereby commanded to notify the Westchester Fire Insurance Company, of New York, that it has been sued in the district court within and for the county of Sumner, in the nineteenth judicial district of the state of Kansas, and must answer the petition filed by the plaintiff, W. T. Coverdale, on or before the 3d day of June, 1889, or the said petition will be taken as true and judgment rendered accordingly. And return this writ on the 3d day of May, A. D. 1889.

"In Witness Whereof, I have hereunto set my hand and affixed the seal of said court, at my office at Wellington, in said county, this 23d day of April, A. D. 1889.

　　[SEAL.]　　Tom Donohue, *Clerk of the District Court.*
　　By J. D. Decker, *Deputy.*"

Indorsed on back: "No. 5182. Summons. W. T. Coverdale, plaintiff, *v.* Westchester Fire Insurance Company, de-

fendant.   If the defendant fail to answer, the plaintiff will
take judgment for $800, with interest thereon at the rate of
7 per cent. per annum from the 1st day of October, 1888, and
costs of suit.                     TOM DONOHUE, *Clerk.*
                              By J. D. DECKER."

Hon. D. W. Wilder, the superintendent of insurance for the
state, after receiving the summons, returned to the district
court that he had received the same on the 23d day of April,
1889, at 3 o'clock P. M.; that he forwarded a duly-certified
copy thereof on the 25th day of April, 1889, to Mr. J. G. Un-
derhill, the secretary of the Westchester Fire Insurance Com-
pany, of New York, at New York city, there being no general
agent of the company in this state.   Subsequently, Messrs.
Ware, Biddle & Cory, attorneys at law, made a special ap-
pearance for the insurance company, and asked that the sum-
mons, service and return thereof be set aside, upon the ground
that the summons was not issued in conformity with law, and
that the service and return thereof were not sufficient.   On the
7th day of June, 1889, the motion to quash the summons and
to set aside the service and return thereof was overruled, in the
absence of Messrs. Ware, Biddle & Cory, and without any
answer being filed; and, in the absence of the attorneys of the
insurance company, the plaintiff below, having introduced some
evidence, obtained judgment against the insurance company
for $838.35.   The court directed execution to issue therefor.
The *Insurance Company* brings the record to this court, and
complains of the proceedings of the court below.

*E. F. Ware,* for plaintiff in error.
*Elliott & Woods,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: Any error apparent in the final judgment
of a district court may be corrected by proceedings in this
court, although no exception was taken thereto by the party
complaining, and no appearance by him at the trial and judg-
ment, and no motion made to set aside the judgment.   This

29 — 48 KAS.

case is properly here for the decision of this court. (*Woolley v. Van Volkenburgh,* 16 Kas. 20; *Zane v. Zane,* 5 id. 134; *Lender v. Caldwell,* 4 id. 339; *Koehler v. Ball,* 2 id. 160.) Section 59 of the civil code provides:

"That the summons shall be directed to the sheriff of the county, and command him to notify the defendant or defendants named therein that he or they have been sued, and must answer the petition filed by the plaintiff, giving his name, at a time stated therein, or the petition will be taken as true, and judgment rendered accordingly; and where the action is on contract for the recovery of money only, there shall be indorsed on the writ the amount, to be furnished in the *præcipe,* for which, with interest, judgment will be taken, if the defendant fail to answer."

According to ¶ 3354, Gen. Stat. of 1889, where the insurance company of another state or foreign government is sued, the summons must be directed to the superintendent of insurance, and shall require the defendant to answer by a certain day, not less than 40 days from its date; but the form of the summons, except its direction to the superintendent of insurance, must be the same as that provided for in § 59 of the civil code.

1. Foreign insurance company —service of summons.

Upon the face of the policy, attached to and made a part of the petition, is an express contract between the Southern Kansas Farm Loan and Investment Company, the mortgagee of W. T. Coverdale, and the Westchester Fire Insurance Company. This contract is certainly legal in all of its terms. It provides that if there is any loss under the terms of the policy issued on the 6th day of August, 1888, such loss is payable to the loan and investment company, the mortgagee, not to anyone else. Under the "mortgage clause" of the policy, if the premises described in the petition have been destroyed by fire, as alleged, the loan and investment company may maintain an action for the loss in its own name. Its interest is distinct from that of Coverdale, the owner of the premises. (*Insurance Co. v. Olcott,* 97 Ill. 439.)

2. Action on policy—rights of mortgagee.

The loan and investment company is not a party plaintiff

or defendant in this action. There were no allegations in the petition that the mortgage referred to has been paid, or that the loan and investment compan'y has transferred or assigned its claim for loss to the plaintiff below. As under the express language of the policy, or the "mortgage clause," all loss is payable directly to the loan and investment company, Coverdale is not entitled to recover upon the allegations contained in this petition. He is not the payee, and, in order to recover, he must allege the payment of the mortgage held by the loan and investment company, or that the rights of such company have been transferred or assigned to him. Under the "mortgage clause," the loan and investment company is entitled to receive the full amount of the insurance money, without any regard to Coverdale. If Coverdale were permitted to recover upon the allegations of his petition, construed in connection with the policy of insurance, which is a part thereof, the judgment would be no bar to an action by the loan and investment company for the amount of the loss. Clearly, two actions cannot be maintained upon the same policy by different parties for the recovery of the whole amount insured. (*Insurance Co. v. Olcott,* supra; *Hastings v. Insurance Co.,* 73 N. Y. 141.) In the latter case it was said: "In case the loss is payable to a third person, who has no interest in the property insured, but only claims the insurance as collateral security for liabilities incurred prior to the insurance, the latter only can maintain an action on the policy as an appointee of the owner who is authorized to receive the same." (*Frink v. Insurance Co.,* 31 How. Pr. 30; 45 Barb. 384; *Case v. Insurance Co.,* 3 N. Y. S. C. [T. & C.] R. 33, 39; *Merwin v. Insurance Co.,* 7 How. 659, affirmed in Court of Appeals; May, Fire Ins., 460; Flanders, Fire Ins., 441, 442.)

The rules laid down in the authorities cited have no application, however, to a case where a provision has been inserted in the policy which places the mortgagee upon another and a different footing from that of a mere assignee or appointee to receive the loss. The mortgage clause was agreed upon for this very purpose, and created an independent and a new con-

tract, which removes the mortgagees beyond the control or the effect of any act or neglect of the owner of the property, and renders such mortgagees parties, who have a distinct interest, separate from the owner, embraced in another and a different contract. The tendency of the recent cases is to recognize these distinctions, and thus protect the rights of the mortgagee, when named in the policy, and the interest of the owner and of the mortgagee are regarded as distinct subjects of insurance. (*Insurance Co. v. Insurance Co.*, 55 N. Y. 343; *Insurance Co. v. Allen*, 43 id. 392.)

The judgment of the district court will be reversed, and the case remanded for further proceedings, in accordance with the views expressed herein.

All the Justices concurring.