WILLIAM GRAHAM, Appellant, *v.* THE PHŒNIX INSURANCE COMPANY et al., Respondents.

Plaintiff's complaint alleged, in substance, that he owned a bond and mortgage made by defendant G., by the terms of which G. covenanted to keep the buildings on the mortgaged premises insured and to assign the policy as collateral, and in default thereof that plaintiff might insure; that the latter conveyed the premises to her daughter, defendant J., an infant three years old, of whose person and estate G. had been appointed guardian; that defendant, The Phœnix Ins. Co., delivered to plaintiff a policy of insurance upon a building on the premises, he paying the premium, which policy insured J. as owner and plaintiff as mortgagee, and by its terms proofs of loss were required to be made and sworn to by the assured, and any action on the policy was barred unless brought within twelve months after a loss; that a loss having occurred plaintiff made and delivered to the company proofs of loss, but it rejected the same on the ground that J. was the party assured, by whom proofs should be made; that plaintiff endeavored to procure such proofs, but G. kept herself and J. concealed, refusing to make proofs unless she was paid about $3,000. Plaintiff asked judgment that G. be required to make due proofs of loss; that the limitation of time be not allowed to take effect as against plaintiff; and that the company, after the making of due proofs, be required to pay the amount insured. G. and the company demurred to the complaint. *Held,* that the demurrers were

properly sustained ; that plaintiff having of his own motion procured the insurance, and there being no allegation that G. had made default in procuring insurance, or that because of such default plaintiff procured the policy, G. was not legally bound to make proofs of loss either individually or as guardian for J., who was under no obligations to pay the mortgage or to procure insurance ; that as against the insurance company the action could not be maintained to cut off its defense based on the limitation of time in which to bring suit, as the validity of the defense must be determined in an action on the policy ; and that the action could not be maintained as one upon the policy, as this action is based upon the presumption that the condition of the policy in reference to proofs of loss had not been complied with,.and as such an action would be one at law.

(Argued April 16, 1879 ; decided April 25, 1879.)

APPEAL from judgment of the General Term of the Supreme Court, in the the second judicial department, in favor of defendants, entered upon an order affirming an order of Special Term sustaining demurrers to plaintiff's complaint. (Reported below, 12 Hun, 446.)

The complaint alleged in substance that plaintiff is the holder of a bond and mortgage made by defendant Gleavey (then Mrs. Jack), for $44,000, dated October 7, 1874, on certain premises in Flatbush, L. I., with the usual provision therein to procure insurance as collateral to the bond and mortgage, or in case of default that plaintiff might insure. On February 25, 1876, and as such further security, the Phœnix Insurance Company delivered to plaintiff its policy of insurance for $2,500, insuring " Margaret E. Jack, as owner, and this plaintiff, William Graham, as mortgagee," on the premises in question : " Loss, if any, payable to this plaintiff as mortgagee." On November 2, 1874, the mortgagor conveyed the premises, through Chauncey E. Cook, to defendant, Margaret E. Jack. By the terms of the said policy, it was provided that the " assured " should give notice of loss and render a particular account of such loss, signed and sworn to by them, and made out in the manner in the said conditions particularly specified : also that all suits on .the policy must be

brought within twelve months, or be barred by that lapse of time. On the 8th March, 1876, the house mentioned in the policy was totally destroyed by fire; the loss amounting to $14,000. Plaintiff immediately notified the insurance company, and he subsequently prepared and delivered to the company proofs of loss, made by plaintiff as the party sustaining the loss or damage; the company having received such proofs, insisted that they were null and void, on the ground that Margaret E. Jack was the party assured, and the party by whom the proofs of loss were, by the terms of the policy, required to be made. Thereupon the plaintiff endeavored to procure proper proof of loss to be made by said M. E. Jack; and then ascertained that she was the infant child of defendant Gleavey, and of the age of three years; that, prior to the loss, plaintiff had been informed by Mrs. Gleavey that M. E. Jack was a sister of said Gleavey's late husband, and was of full age. After the loss, Mrs. Gleavey kept herself and her infant child concealed, and prevented the service of any papers, or the making of any demand upon them, or either of them, but caused plaintiff to be informed that if he would pay her $3,000, she would make or cause to be made, the proper proof of loss, in the name or on behalf the child. The father of said infant had died previous to the fire, leaving his said widow and infant child; and on the 23d of March, 1876, the mother was, on her own petition, duly appointed guardian of the person and estate of the minor, and qualified as such.

The complaint further alleged that there is danger that it may be ultimately held that such claim and position of the said company is well founded, and that the proofs of loss so served were and are defective and insufficient, and may not form a sufficient compliance with the terms of insurance stated in the policy, to enable plaintiff to maintain his action thereon; that plaintiff has made every possible effort to induce said general guardian to make the necessary proofs, but has been and is unable to induce her to do so, or to procure any

interview with her, or to communicate with her; that the twelve months from the date of the fire will expire March 8th, 1877; that plaintiff apprehends that the company will thereupon insist that all right of action in his favor on the policy will be forever barred; and that he is therefore in danger of losing all claim against the company for the loss, by reason of the fraudulent conduct of defendant, Gleavey; that she and the infant are both insolvent; that the money secured by the bond and mortgage, has become due and payable; that plaintiff has brought an action for the foreclosure of the mortgage, and recovered judgment therein, and purchased the mortgaged premises at the foreclosure sale for $1,000; all the residue of the amount due on the bond and mortgage being due plaintiff as a deficiency on the sale. That defendant Gleavey has endeavored to defraud plaintiff, either by compelling him to pay her a large sum of money to induce her as general guardian to make the necessary proofs of loss under the policy, or by preventing him from recovering anything for the loss or damage, and there is great danger that plaintiff may, by reason of the premises, be subjected to great loss.

The prayer for relief is that defendant Gleavey be ordered and directed to make, or that some proper person be appointed as special guardian of the infant to make, and who shall make the necessary and proper proofs of loss under the policy.

That the corporation be adjudged to pay the amount specified in the policy, after the making of the proper proofs.

That the limitation of time in the policy of insurance mentioned be not allowed to attach or take effect, as against the plaintiff.

That plaintiff may recover from the defendant the money mentioned in the policy of insurance, being the loss and damage by him sustained.

The defendants Gleavey and the insurance company demurred separately to the complaint on the grounds:

1. That several causes of action were improperly united therein.

2. That the complaint did not contain facts sufficient to constitute a cause of action against the company.

*Lucien Birdseye*, for appellant. By not objecting in the demurrer that there was a defect of parties that objection was waived. (Code, §§ 144, 148.) An objection of a defect of parties under subdivision 4 of section 144 of the Code means a deficiency of parties. (*Peabody* v. *Wash. Mut. Ins. Co.*, 20 Barb., 339; *Gregory* v. *Oaksmith*, 12 How., 134; *Pinckney* v. *Wallace*, 1 Abb., 82; *Voorhis* v. *Baxter*, id., 43; 18 Barb., 592; 17 N. Y., 354; *Churchill* v. *Trapp*, 3 Abb., 306; *Davy* v. *Betts*, 23 How., 396; *Daly* v. *Betts*, 16 Abb., 466, note; *Bk. of Havana* v. *Magee*, 20 N. Y., 359; *Allen* v. *City of Buffalo*, 38 id., 280; *Zabriskie* v. *Smith*, 13 id., 322; *Dellaye* v. *Parks*, 31 Barb., 132; *Wright* v. *Storrs*, 6 Bosw., 600; 32 N. Y., 691; *Crosby* v. *Berger*, 4 Edw., 210.) The mere joinder of too many defendants is not a ground of demurrer. (*N. Y. and N. H. R. R. Co.* v. *Schuyler*, 17 N. Y., 592; *Manning* v. *State of Nicaragua*, 14 How., 517; *Kolls* v. *De Leyer*, 17 Abb., 312.) No incoherency, inconsistency, redundancy or impropriety in the prayer for relief can be made a ground for demurrer to the pleading. (*Marquat* v. *Marquat*, 12 N. Y., 341; *Emery* v. *Pease*, 20 id., 62; *Jones* v. *Butler*, 20 How., 189; *Smith* v. *Howard*, id., 151; *Bradley* v. *Aldrich*, 40 N. Y., 510; *Armitage* v. *Pulver*, 37 id., 494; *N. Y. Ice Co.* v. *N. W. Ins. Co.*, 23 id., 357.) The relief in question could only be obtained in an action like the present. (*Cone* v. *Nia. F. Ins. Co.*, 60 N. Y., 619.) It was necessary and proper to join the insurers as parties defendant. (*Ins. Co.* v. *Boykin*, 12 Wal., 433; *Sims* v. *State Ins. Co.*, 47 Mo., 54.)

*N. B. Hoxie*, for respondents. The demurrer was well taken as to improper joinder of parties and of causes of action. (Code of Procedure, §§ 167, 253, 254; *Alger* v. *Scoville*, 6 How. Pr., 131, 142; *Earle* v. *Scott*, 50 id., 506; *Gardner* v. *Ogden*, 22 N. Y., 327, 340; *Wiles* v. *Suydam*,

64 id., 173; *Morton* v. *Weil*, 11 Abb., 421; *Reed* v. *Stryker*, 14 id., 47.)   No cause of action was stated against the insurance company.   (*Wheeler* v. *Com. M. L. Ins. Co.*, 16 Hun, 317, 326, 327.)   A plaintiff can only recover on the cause of action he had when he brought the suit.   (*Kelly* v. *Downing*, 42 N. Y., 71; Code of Proc., § 1275; Code of Civil Proc., § 1207; *Rome Ex. Bk.* v. *Eames*, 1 Keyes, 588, 592.)

EARL, J.   The relief sought in this action against the infant defendant, Jack, need not be considered, because there was no demurrer on her behalf, and she has died since the commencement of the action.

It is somewhat uncertain whether the defendant, Gleavey, was made a party on account of some supposed personal obligation which she owed to the plaintiff, or simply as general guardian of the infant defendant.   But we will consider her a defendant in both aspects.

She executed the mortgage mentioned in the complaint, and in that covenanted to keep the building erected upon the mortgaged premises insured, and to assign the policy to the plaintiff, as collateral and further security, and that in default of so doing, the plaintiff might make such insurance at her expense.   There is no allegation in the complaint that she made such default, or that because of her default the plaintiff procured the insurance now in question.

After she had conveyed the premises, and while the infant Jack owned them, the plaintiff of his own motion procured this insurance ; insuring Jack as owner and himself as mortgagee, loss payable to him as mortgagee.   This insurance was a contract made by him with the insurance company, and it was taken in the form agreed upon between it and him.   She had nothing to do with it.   It does not provide that she was to furnish any proofs of loss, but that they should be furnished by the assured.   She is not legally bound to furnish any proofs ; and as she is not the assured, she could not furnish any in her own name.   If she could furnish any, it would be a neighborly act to do so ; but she

would be under no obligation which the law would enforce.

As the general guardian of the infant Jack, she is certainly under no greater obligation than her ward would be if an adult. Jack had nothing to do with the insurance, was under no obligation to pay the mortgage or to procure any insurance for plaintiff's benefit. He could not, by his contract with the insurance company, bind her to furnish any proofs. It may be very embarrassing, or difficult, or perhaps impossible, for plaintiff to furnish the proofs and comply with the condition in his policy. But that is a dilemma in which he has voluntarily placed himself, and he cannot compel one to relieve him therefrom who is under no legal obligation to do so.

The answer to the complaint, so far as it seeks relief against Mrs. Gleavey and her ward, is that it does not show that either of them is under any obligation to aid the plaintiff about his proofs. If there is any obligation at all, it is simply a moral obligation — one of that imperfect kind of which the law does not take cognizance.

If we are right so far, it cannot be claimed that any cause of action is stated against the insurance company. The main groundwork of the action for equitable relief fails. The action cannot be maintained to cut off or destroy its defense, based upon the short limitation of time for the commencement of an action upon the policy. If such defense does not exist, this action is not needed for that purpose. If it does exist, it cannot be taken away by a judgment in this action. Whether it exists or not, must be determined in an action upon the policy ; and when such an action is commenced, the plaintiff may avail himself of any answer to such defense which the law and the facts may give him.

Nor can this action be maintained against the insurance company to recover upon the policy ; because such an action would be one at law. Besides this action is based upon the assumption that the condition as to furnishing proofs has been neither complied with nor nullified, and hence, such action could not be maintained.

We are, therefore, of opinion that this complaint does not state facts sufficient to constitute a cause of action against any of the defendants, and the judgment must be affirmed, with costs to the insurance company. But as the defendant, Gleavey, did not appear in this court, the affirmance as to her must be without costs.

All concur.

Judgment affirmed.