## Northern Assurance Co. v. Chicago Mutual B. and L. Ass'n.

1. INSURANCE—*Parol Evidence Competent to Show Deeds to be Mortgages for the Purpose of Avoiding a Forfeiture of a Policy.*—In an action on a policy of fire insurance containing a provision rendering it void in case of a change of interest or title of the property insured, parol evidence is competent for the purpose of showing that certain deeds of conveyances of the property in question were in fact mortgages and not conveyances effecting a change of title of such property within the meaning of the policy.

2. SAME—*When Proof of Loss is Unnecessary.*—When an insurance company denies all liability under its policy, proof of loss is not necessary to be shown in order to recover.

3. SAME—*Proof of Loss by Mortgagee Unnecessary.*—Under a policy of fire insurance containing a clause that the loss, if any, shall be payable to the mortgagee, the mortgagee is not bound by the provisions of the policy as to proof of loss when such provisions are not in the mortgage clause.

4. DEEDS—*May be Shown to be Mortgages by Parol.*—Parol evidence may be resorted to in equity to show a deed absolute in form to be in fact a mortgage, and the rule is not confined to causes in equity but applies to all actions at law in which the title is not directly in issue.

Northern Assurance Co. v. Chicago Mut. B. & L. Ass'n.

**Assumpsit,** on a policy of fire insurance.   Appeal from the Superior Court of Cook County; the Hon. THEODORE BRENTANO, Judge, presiding.   Heard in this court at the March term, 1901.   Affirmed.   Opinion filed November 21, 1901.

MYRON H. BEACH, attorney for appellant.

SAMUEL B. KING, attorney for appellee.

MR. PRESIDING JUSTICE WINDES delivered the opinion of the court.

Appellee brought assumpsit on an ordinary fire insurance policy made by appellant in favor of R. Eugene Taylor as owner of a two-story frame dwelling house for three years, from December 4, 1895, for $1,400, which contained a mortgage clause providing that loss, if any, should be payable to appellee, mortgagee or trustee, as therein provided. Among other provisions in the policy, not material in this case, is one making it void in case " any change, other than by the death of an insured, take place in the interest, title or possession of the subject of insurance (except change of occupants without increase of hazard), whether by legal process or judgment or by voluntary act of the insured or otherwise; or if this policy be assigned before a loss; " also the following :   " If with the consent of this company an interest under this policy shall exist in favor of a mortgagee or of any person or corporation having an interest in the subject of insurance other than the interest of the insured, as described herein, the conditions hereinbefore contained shall apply in the manner expressed in such provisions and conditions of insurance, relating to such interests as shall be written upon, attached or appended hereto;" and another requiring that the assured should give immediate notice in writing to the company of any loss occurring by fire, and in sixty days after the fire should make sworn proofs of loss.

The mortgage clause contains among others the following provisions, viz.:

" It being hereby understood and agreed that this insurance as to the interest of the mortgagee or trustee only

154    APPELLATE COURTS OF ILLINOIS.

VOL. 98.] Northern Assurance Co. v. Chicago Mut. B. & L. Ass'n.

therein, shall not be invalidated by any act or neglect of the mortgagor or owner of the property insured, nor by the occupation of the premises for purposes more hazardous than are permitted by the terms of this policy. * * * Provided, also, that the mortgagee or trustee shall notify this company of any change of ownership or increase of hazard which shall come to his or their knowledge, and shall have permission for such change of ownership or increase of hazard, duly indorsed on this policy."

November 21, 1898, the premises were totally destroyed by fire, and appellee, as mortgagee of Taylor, who made to it a mortgage of the same date as the policy, to secure a loan by the former to the latter, evidenced by his bond, on which there was due at the time of the trial $1,816.44, sought in this suit to recover the amount of the insurance. A trial resulted, at the close of the evidence, in a direction by the court of a verdict in favor of appellee of $1,550.93, on which, after a remittitur of $11.67, judgment was rendered against appellant for $1,539.26, to review which this appeal is taken.

The only error which it is claimed in argument was committed by the learned trial judge, was in the admission of evidence. If the alleged erroneous evidence were excluded from the record, then, it is claimed, there is no basis for the judgment and it should be reversed.

At the date of the policy Taylor was the owner of the insured premises, but with the consent of the company, he subsequently conveyed to one Anderson, who afterward, on January 28, 1897, by quit-claim deed, conveyed the same premises to one Hoig, and the latter also conveyed by quit-claim deed on March 1, 1898, to William J. Turnes, in whom the record title was at the time of the fire. Over the objection of appellant, the court permitted parol evidence to the effect, in substance, that the deeds from Anderson to Hoig and from the latter to Turnes were in fact mortgages securing the indebtedness due to appellee on the Taylor mortgage, and the bond secured thereby. The rulings on this evidence alone are argued by appellant's counsel. The purpose of this evidence was to avoid

the provision of the policy above quoted, rendering it void in case of a change of the interest or title of the subject of insurance.    If the deeds were mortgages, then they were not a violation of this provision.    Ins. Co. v. Spankneble, 52 Ill. 53;  Ins. Co. v. Eddy, 55 Ill. 213.

That the evidence was competent and proper is conclusively settled by the case of German Ins. Co. v. Gibe, 162 Ill. 251–6, in which it was held that precisely similar evidence was competent;  that under the statute (Starr & Cur.), Ch. 95, Sec. 12, parol evidence may be resorted to in equity to show a deed absolute in form to be a mortgage, and that the rule is not confined to causes in equity, but applies to actions at law in which the title is not directly in issue. An extended argument is made by the learned counsel of appellant to show that the Gibe case is not the law and is in conflict with other opinions of the same court.    The decision is clearly applicable here and distinguishes two of the latest cases relied on by appellant's counsel, viz., Finlon v. Clark, 118 Ill. 32, and McGinnis v. Fernandes, 126 Ill. 228, which it is claimed hold to the contrary.    The argument, to be of any avail, should be presented to the Supreme Court.

It is said, though no argument is made to support it, that the mortgagee can not, on this record, recover, because there was no proof of loss made.    The evidence shows that appellant denied all liability under the policy, and therefore proof of loss is not necessary to be shown in order to recover.    Ins. Co. v. Cary, 83 Ill. 453–7;  Ins. Co. v. Henninger, 87 Ill. App. 440.

Moreover, the mortgagee was not bound by the provision in the policy as to proofs of loss, it not being contained in the mortgage clause.    Queen Ins. Co. v. Dearborn Sav. Ass'n, 175 Ill. 115.

Other matters presented in appellee's brief and the reply thereto are not necessary to be considered in view of the conclusion reached.

The judgment of the Superior Court is affirmed.