WILLIAM H. ADAMS et al., Appellants, v. FARM-
ERS' MUTUAL FIRE INSURANCE COM-
PANY, Respondent.

**Kansas City Court of Appeals, December 4, 1905.**

1. **INSURANCE: Proofs of Loss: Mortgagee's Rights.** The in-
sured must give notice and make proofs of loss and a mortgagee
may do so if the mortgagor fails, but is not required so to do.

2. ————: **Mortgagee's Rights: By-Laws.** *Held*, under the consti-
tution and by-laws of the defendant insurance company, its
secretary had power to consent that a dwelling-house might be
mortgaged and the risk of the company increased, and that it
was unnecessary for a mortgagee to obtain the consent of the
executive committee, although his contract was a new contract
imposed on the old policy and resting on its consideration.

3. ————: ————: **Ultra Vires: Charter.** The defendant is a mu-
tual insurance company with power to insure the property of
its members, and is not prohibited from insurance of others;
and the insurance of a mortgagee though not a member thereof
is not *ultra vires*, especially after the contract is executed.

4. ————: ————: **Cancellation: Notice.** The cancellation of a
policy is nugatory as to a mortgagee without notice thereof.

Appeal from Randolph Circuit Court.—*Hon. Alex-
ander H. Waller*, Judge.

REVERSED AND REMANDED.

*A. R. Hammett* and *Willard P. Cave* for appellant.

(1) Change of ownership of the property without
notice or knowledge thereof by the trustee or mortgagee
constitutes no defense to this action. Senor v. Ins. Co.,
181 Mo. 104; Boyd v. Ins. Co., 55 L. R. A. 165; Bank v.
Ins. Co., 32 L. R. A. 615; 3 Joyce on Insurance, sec.
2320; Boynton v. Ins. Co., 16 Barb. (N. Y.) 254; Ins.
Co. v. Williams, 63 Fed. Rep. 925. (2) The acts of de-
fendant's secretary and agent were the acts of defendant

company. Ormsby v. Ins. Co., 98 Mo. App. 371; Laundry Co. v. Ins. Co., 151 Mo. 90; Bushnell v. Ins. Co., 110 Mo. App. 223. (3) The court erred in holding said mortgage clause to be *ultra vires.* Cass County et al. v. Ins. Co., 188 Mo. 1; Bank v. Trust Co., 187 Mo. 494. (4) Upon the undisputed facts in evidence in this case the plaintiff was entitled to judgment for the amount of said insurance.

*E. J. Howard* for respondent.

(1) Every person, partnership or society taking insurance in defendant company shall become a member and shall pay fifty cents as a membership fee. Section 8, By-Laws of defendant company. (2) If any property insured becomes incumbered without the permission of the secretary indorsed on the policy covering the risk or the title or possession thereof changed without such consent, or if the assured in any policy shall not be the sole and unconditional owner in fee simple of the property insured, then the entire policy shall be void. Section 14, By-Laws of defendant company. (3) No policy shall be in force until it shall have been approved by the executive committee and all fees thereon paid. Section 9, By-Laws of defendant company. (4) It is the duty of every member of the company to render proofs of loss within ten days from the date of loss to the secretary. See policy filed for exhibit in the case. (5) The right of insurers to choose whom they will insure and therefore to know whom they insure applies to fire policies. 2 Parsons on Contracts (6 Ed.), ch. 18, top page 443, side page 444; Wharton's Law Lexicon, page 261. (6) Where it is conceded that plaintiffs failed to furnish proof of loss to insurance company, and no waiver is shown, plaintiff cannot recover. Burnham v. Ins. Co., 75 Mo. App. 394. (7) A mutual insurance company created by public law is powerless to make any contract not expressly or by necessary implication au-

thorized by its charter. Fhroehly v. Ins. Co., 32 Mo. App. 302. (8) The defense of ultra vires is always available where the charter of a corporation specifies and therefore limits it to the business in which it may engage; any other holding would place members of the corporation wholly at the mercy of their officers.

BROADDUS, P. J.—On the 20th day of April, 1900, the defendant Farmers' Mutual Fire Insurance Company of Randolph county issued its policy of insurance to Mary L. Malone and George D. Malone. The policy covered certain personal property belonging to George Malone, and also insurance to the extent of $500 on a dwelling-house of Mary L. Malone, his wife. The policy, so far as it effected the personal property, is not in controversy. On the 6th day of August of the same year, the defendant company, by its secretary, indorsed upon the policy the following mortgage clause: "Loss or damage, if any, under this policy shall be payable to W. H. Adams, trustee, as mortgagee (or trustee), as interest may appear, and this insurance, as to the interest of the mortgagee (or trustee), only therein, shall not be invalidated by any act or neglect of the mortgagor or owner of the within described property, nor by any foreclosure or proceedings, or notice of sale relating to the property, nor by any change in the title or ownership of the property, nor by occupation of the premises more hazardous than any permitted by this policy, provided that in case the mortgagor shall neglect to pay any premium due, under this policy, the mortgagee (or trustee) shall, on demand, pay the same; provided also, that the mortgagee (or trustee) shall notify the company of any change of ownership or occupancy, or increase of hazard whch shall come to the knowledge of the said mortgagee (or trustee) and, unless permitted by this policy, it shall be valid thereon, and the mortgagee (or trustee) shall, on demand, pay the premium for such increased hazard for

the term of the use thereafter; otherwise this policy shall be null and void."

The defendant reserved the right to cancel the policy at any time, as provided by its terms, but in such case it should continue in force for the benefit of the mortgagee (or trustee) for ten days after notice to the mortgagee (or trustee) of such cancellation, etc. And it was further provided that whenever defendant paid said mortgage it should be subrogated to all the rights of the mortgagee.

The said dwelling-house and the premises on which it was situated was subsequently sold by the Malones to J. A. Heether, by him to William Robertson, by him to George W. Crutchfield, who was the owner at the time it was destroyed by fire; the latter in due time after the fire, notified defendant's secretary of the fact, who said he would waive proof of loss, and denied liability to him for the reason that he was not a member of the company. Mary L. Malone, the owner of the dwelling, made no transfer of her interest in the policy. Heether, her grantee, however, paid to defendant all assessments for losses during the time he was the owner, and there were no assessments due at the time Crutchfield became the purchaser, or at the time of the fire. The defendant cancelled the policy without notice to the plaintiff. The constitution and by-laws of the company were put in evidence.

The cause was tried before the court without a jury and no instructions were asked or given. The finding and judgment were for the defendant and the plaintiffs appealed. It is contended by defendant that the waiver of proofs of loss by the secretary as to Crutchfield was no such waiver as to the plaintiffs, and as no proof of loss was made by them and no waiver of such proof, the plaintiffs were not entitled to recover. By the terms of the mortgage clause attached to the policy, the interest of the mortgagee was not to be affected by any change in the title or ownership of the property, nor by any act or

neglect of the mortgagor or owner of the premises. While the sale and conveyance of the premises by the mortgagor had the effect of rendering the policy void as to her, it was binding on the company as to the interest of the mortgagee so long as its terms were complied with in the payment of assessments for losses.

It is a general rule that the insured must give notice and make proof of loss. But a mortgagee, to whom the loss is payable, may furnish proof of loss if the insured neglects or refuses so to do. [Kerr on Insurance, p. 518, sec. 175; Joyce on Insurance, sec. 3308; Nickerson v. Nickerson, 80 Me. 100; Graham v. Ins. Co., 77 N. Y. 171.] And it is held that a provision in a policy to the effect that no act or neglect of a mortgagor shall defeat the insurance as to the interest of the mortgagee, does not relieve the mortgagee to whom the loss is payable to the extent of his interest, from furnishing proofs of loss, if the mortgagor neglects or refuses so to do. [Kerr on Insurance, supra; Southern Loan Ass'n v. Home Ins. Co., 94 Ga. 167.] But it has also been held that the mortgagee was not bound to make proof of loss, as the policy imposed that duty upon the owner, and the mortgage clause freed the mortgagee from the consequences of the owner's neglect. [Dwelling House Ins. Co. v. Trust Co., 5 Kas. App. 137.] The Kansas case founds its decision on the ground that "The intent of the mortgage clause was to operate as an insurance to the mortgagees, giving them all the benefits a new policy could have given, but freeing them from the conditions imposed upon the owners of the insured property." And such is the holding in Ins. Co. v. Coverdale, 48 Kas. 446. In a suit by the insured on a policy containing a similar clause, it is held that the mortgagor cannot avail himself of its provisions. That it was a separate agreement in which he had no concern, and that the authorities treat such an agreement as a separate and independent contract of insurance. [Burnham v. Ins. Co., 75 Mo. App. 394, citing Ins. Co. v. Coverdale, supra.] We therefore hold that

the plaintiff mortgagees were not required to give notice and proofs of loss under the terms of its insurance.

The defendant insists as the mortgage clause was a separate agreement for insurance, that the policy is void, for the reason that the policy was not shown to have been approved by the executive committee of the company. Section 9 of the company's by-laws provides, that no policy shall be in force until approved by such committee. And section 2 of its constitution provides that the executive committee shall examine and pass upon all applications for insurance. The evidence showed that no such application was made to the executive committee to have the mortgage clause attached to the policy. Section 14 of the by-laws confers upon the secretary the power to consent that any dwelling-house insured be mortgaged, and the risk of the company be increased in any manner, provided such consent be in writing. The power conferred, it appears to us, was authority for the secretary to agree to the said written mortgage clause, as its effect, although an independent contract, was to increase the company's risk. Notwithstanding it is an independent agreement, it is based uopn the original contract of insurance, and must be construed in connection with it, in order for it to have any vitality whatever. The consideration for it is the agreement of the insured to pay assessments, or upon her failure to so do, that the mortgagee would pay them. Notwithstanding section 2 of the constitution and section 9 of the by-laws provide that applications for insurance generally shall be passed upon by the executive committee, they are not in conflict with said section 14, providing for special insurance or permitting additional risk or for mortgaging of the insured property. It follows, therefore, that the secretary did not exceed his powers, as claimed, and the mortgage clause is a valid contract. And had the secretary exceeded his powers in that respect it would be no defense after contract had been fully complied with by the insured.

Another contention of the defendant is that the con-

tract is *ultra vires*. That under the statute the defendant company had no authority to insure other than its own members, and that as the mortgagee was not such a member the policy is void. The courts make a distinction in the application of the law of *ultra vires* between public corporations exercising governmental franchises, and private business corporations. As to the latter, where the contract, entered into though in excess of the chartered powers of the corporations, has been fully performed by the party seeking its enforcement, the corporation will not be permitted "to shelter itself behind the plea of *ultra vires.*" [Chenoweth v. Express Company, 93 Mo. App. 185; Smith v. Richardson, 77 Mo. App. 422; Bank v. Trust Co., 187 Mo. 494; Cass County v. Ins. Co., 188 Mo. 1.] The defendant as a corporation exists by virtue of chapter 119, article 10, Revised Statutes 1899. Under its charter it is a mutual organization, with power to insure the property of its members, but there is no provision in the act expressly forbidding insurance of other than such members. The insurance of the plaintiff's property, while not authorized by defendant's charter, was not forbidden. It was the exercise of a power in excess of that granted. And the contract, having been executed by the plaintiffs, the defense of *ultra vires* is not available to the defendant under the authorities cited.

The cancellation of the policy by defendant was a nugatory act so far as plaintiffs were concerned, for the contract provided that the policy should continue in force as to the mortgagee ten days after notice to him of such cancellation, and as such notice was never given, the insurance as to mortgagee remained in full force and effect.

It therefore follows that the court committed error in its judgment. The cause is reversed and remanded. All concur.