### OHIO-GERMAN FIRE INS. CO. v. EMMA KRUMM.

MORTGAGEE NOTWITHSTANDING FAILURE TO PRESENT PROOFS OF LOSS, MAY RE-COVER ON POLICY CONTAINING UNION MORTGAGE CLAUSE.

A mortgagee may recover upon a fire insurance policy containing what is known as the union mortgage clause of the standard policy of New York, New Jersey and Connecticut for a loss of the property by fire when neither he nor the mortgagor present proof of loss within sixty days after loss, as required of "the insured" by a condition in the policy.

[Syllabus by the court.]

ERROR to Franklin common pleas court.

**J. M. Sheets** and **F. R. West,** for plaintiff in error.

**G. E. Bibbee,** for defendant in error:

Plaintiff's contention is that as her action is based upon the mortgage clause attached to the policy that she by said mortgage clause is not required to make proofs of loss and that the failure of proofs of loss to be made by the insured, the mortgagor, does not defeat the plaintiff's action. *Hastings* v. *Insurance Co.* 73 N. Y. 147; *Eddy* v. *Assurance Corp.* 143 N. Y. 311 [38 N. E. Rep. 307; 25 L. R. A. 686]; *Syndicate Ins. Co.* v. *Bohn,* 65 Fed. Rep. 165, 178 [27 L. R. A. 614]; *Firemen's Ins. Co.* v. *Boland,* 30 O. C. C. 811 (8 N. S. 325), affirmed, no report, *Firemen's Ins. Co.* v. *Agner,* 73 Ohio St. 393.

A mortgage is not required to furnish proofs of loss as a condition precedent to his right of action. 1 Clement, Insurance 208; *Glens Falls Ins. Co.* v. *Porter,* 44 Fla. 568 [33 So. Rep. 473]; *Northern Assur. Co.* v. *Building & Loan Assn.* 98 Ill. App. 152, affirmed, *Northern Assur. Co.* v. *Building & Loan Assn.* 198 Ill. 474 [64 N. E. Rep. 979]; *Queen Ins. Co.* v. *Savings, Loan & Bldg. Assn.* 175 Ill. 115 [51 N. E. Rep. 717].

A contract of insurance is strictly construed against the insurer, and in favor of the insured. 1 Clemens, Insurance 460.

ALLREAD, J.

The question arising in this case is whether the mortgagee may recover upon a fire insurance policy containing what is known as the union mortgage clause of the standard policy of New York, New Jersey and Connecticut for a loss of property where neither he nor the mortgagor presented proofs of loss within sixty days as required of "the

insured'' by a condition in the policy. It is conceded that the mortgagee presented proofs of loss to the company before the suit was brought but not within sixty days after the loss occurred.

It is contended by the insurance company that the mortgage clause which contains a stipulation that the insurance of the mortgagee shall not be invalidated by any act or neglect of the mortgagor does not relieve the mortgagee from compliance with the conditions of the mortgage precedent to the bringing of the suit, namely, the giving of notice and proofs of loss.

The courts of other states are divided upon this question and no decision of our own courts has been cited.

The cases of *Southern Bldg. & L. Co.* v. *Insurance Co.* 94 Ga. 167 [21 S. E. Rep. 375; 27 L. R. A. 844; 47 Am. St. Rep. 147], and *Lombard Invest. Co.* v. *Insurance Co.* 62 Mo. App. 513, support directly the contention of the insurance company. The text in Joyce on Insurance, lays down the rule as contended for by the insurance company, citing *Southern Bldg. & L. Co.* v. *Insurance Co. supra,* as authority. There are other cases cited by counsel for the insurance company in line with these cases but not directly upon the question of proofs of loss, or where the policy is not similar to the one at bar. On the other hand, the later case of *Adams* v. *Insurance Co.* 115 Mo. App. 21 [90 S. W. Rep. 747], is directly opposed to the former case in the same court and holds that the mortgagee under a mortgage clause similar to the one involved here is not required to present proofs of loss within sixty days as required of ''the insured'' by other conditions in the policy. This view is also supported by the cases of *Glens Falls Ins. Co.* v. *Porter,* 44 Fla. 568 [33 So. Rep. 473], and *Northern Assur. Co.* v. *Building & Loan Assn.* 98 Ill. App. 152.

Clement on Insurance in the text supports the proposition that the mortgagee is not required to furnish proofs of loss within sixty days, citing the cases above referred to as supporting that proposition. The author evidently from an examination of all the cases concluded to support the doctrine of *Glens Falls Ins. Co.* v. *Porter, supra,* and other cases supporting it rather than that of *Southern Bldg. & L. Co.* v. *Insurance Co. supra.*

We are also of the opinion that the cases supporting the view that the mortgagee is not required to furnish proofs of loss within sixty days as a condition of recovery are founded upon the better reason.

It is clearly the intention by the mortgage clause here to afford a higher degree of insurance to the mortgagee and to relieve him from many of those conditions which are imposed upon the mortgagor. The

Insurance Co. v. Krumm.

reason for this may be found in the fact that the mortgagor is ordinarily in possession and responsible for the care of the property and is more liable to have the opportunity for the imposition of fraud. This view was evidently in the mind of the insurance company when it prescribed this form of policy and no reason is apparent why the court should construe this clause as against its express terms in favor of the insurance company, but in case of doubt the mortgagee is entitled to a liberal construction in his favor.

It is, however, contended that the mortgage clause is not inconsistent with the conditions of the policy requiring notice and proofs of loss; that the term, "the insured," as used in the condition requiring proofs of loss, includes the mortgagee as well as the mortgagor; and that, therefore, the mortgagee must see that these proofs are furnished within the period stipulated in the policy. Upon reading, however, the petition which shows that the owner of the property took the insurance and paid the premium, and also looking to the nature and character of the information to be given by "the insured" at the time of the fire, and the nature and character of the proofs of loss, it is fairly indicated that the term "the insured" relates to the owner and not to the mortgagee. This view is well stated and illustrated in the case of the *Union Institution for Savings* v. *Insurance Co.* 196 Mass. 230 [81 N. E. Rep. 994; 14 L. R. A. (N. S.) 459].

We think, therefore, that a reasonable construction of this policy is that the mortgagor is the insured and required to furnish proofs of loss within sixty days after the fire as a condition of his recovery, and that that clause does not apply to the mortgagee, and that he may recover notwithstanding the failure of either to furnish proofs of loss within sixty days.

It is also urged that the promissory clause of this policy only provides for payment of the loss within sixty days after proofs of loss according to the terms and provisions of the policy, and that unless such proofs of loss are furnished by someone, the promissory clause does not obligate the company to pay. It will be observed from the record in this case that the mortgagee did file proofs of loss at least sixty days before the suit was brought, and inasmuch as the terms and conditions of the policy do not require the mortgagee to file proofs of loss within sixty days, we think the promissory clause has been complied with by the filing of these proofs of loss after the sixty days from the loss and at least sixty days before the filing of the petition.

The judgment of the court below, therefore, sustaining the demurrer

to the answer and rendering the judgment in favor of the mortgagee: upon the policy, is consistent with our view of the law of the case, and' is, therefore, affirmed.

**Sullivan** and **Dustin, JJ.,** concur.