The Southern Home Building and Loan Association *v.*
The Home Insurance Company of New Orleans.

The so-called "New York Standard Mortgagee Clause," in a policy
of fire insurance, which declares, in substance, that no act or neg-
lect of the mortgagor shall defeat the insurance as to the interest
of the mortgagee, does not dispense with making the proof of loss
stipulated for in the policy and within the time stipulated. If the

mortgagee would not have the right in all cases to furnish the proof, he certainly would have it in a case in which the mortgagor refused; but in every case, unless waived by the underwriter, it must be furnished by one or the other.

July 16, 1894.

Action on fire policy.  Before Judge MACDONELL. City court of Savannah.  November term, 1893.

G. B. .WHATLEY and R. L. SIBLEY, for plaintiff.

DENMARK & ADAMS, for defendant.

SIMMONS, Justice.

The Southern Home Building and Loan Association sued the Home Insurance Company upon a policy of insurance issued by the defendant, insuring Rosa Tutty upon certain property for one year from December 17,. 1892, to an amount not exceeding $1,000, "loss if any payable to the Southern Home Building and Loan Association as their interest may appear." Attached to the policy was what is called the "New York Standard Mortgagee Clause," in which it was stated that loss under the policy should be payable to the Southern Home Building and Loan Association as mortgagee, as its interest might appear, and that the insurance, as to the interest of the mortgagee only therein, should not be invalidated by any act or neglect of the mortgagor or owner of the property. The declaration alleged that while this policy was in force, on June 4th, 1893, a fire occurred in the premises covered by the policy, by which the property insured was entirely destroyed; that immediately after the fire occurred, notice was given the insurance company of the loss, and afterwards, during August, the usual "proof of loss" was made out by Prioleau, adjuster of the defendant, showing the premises insured under the policy to be of the value of $1,948.80, but failing to obtain the signature of the assured, Rosa Tutty, to the proof of loss, the defendant refused in consequence to pay over the loss to petitioner;

that petitioner demanded payment of the loss as required by the policy, but the defendant refused to pay, etc. The defendant demurred to the declaration on the ground that it did not set forth any cause of action against defendant. In the argument upon the demurrer, the defendant urged that the demurrer should be sustained because the declaration did not aver that any proof of loss had been submitted to defendant, as required by the contract or policy of insurance, or that any effort had been made by plaintiff to make such proof or comply in any way with this requirement of the policy. The demurrer was sustained, and the plaintiff excepted.

The policy, a copy of which was attached to the declaration, contained a stipulation that if fire occurred, the insured should give immediate notice of any loss thereby in writing to the insurance company, and should render a statement to the company, signed and sworn to by the insured, stating the knowledge and belief of the insured as to the time and origin of the fire; the interest of the insured and of all others in the property; the cash value of each item thereof and the amount of loss thereon, etc. Under this stipulation, it was a condition precedent to the payment of the loss, that the proof of loss stipulated for should be made out and submitted to the insurance company and within the time stipulated. If the mortgagor failed or refused to comply with this condition, it was incumbent upon the mortgagee to comply with it. If the mortgagee would not have the right in all cases to furnish the proof, he would certainly have that right in a case in which the mortgagor refused to do so. In every case, unless waived by the insurance company, it must be furnished by one or the other. See Richards on Insurance, §158, and cases cited. It was contended that so far as the mortgagee was concerned, this requirement was dispensed with by the stipulation

in the " mortgagee clause" that the insurance, as to the interest of the mortgagee, should not be invalidated by any act or neglect of the mortgagor or owner of the property. We do not think so. We think this refers to acts or neglect in connection with the property, while the risk is subsisting, and which under the terms of the policy would invalidate the insurance, such as conduct increasing the hazard; and not the omission, after a fire has occurred, to comply with provisions designed to se- cure evidence as to the nature and extent of the loss. It is apparent from a reading of this clause, which, in addition to the stipulation referred to, contains others enumerating various acts which shall not invalidate the insurance as to the mortgagee, that the object of the clause was to afford protection to mortgagees against conduct beyond their control on the part of the mort- gagor or others, which under the terms of the policy would invalidate the insurance. We see no reason for holding that it was intended also to relieve a mortgagee, where loss occurred, from proving the loss as a condi- tion precedent to collecting his claim against the insur- ance company, a condition which, as we have shown, the policy required the mortgagee himself to comply with, unless the mortgagor should do so.

The declaration failing to show that the insured or the mortgagee complied or attempted to comply with this condition, or that there was any waiver thereof on the part of the insurance company, the court below was right in sustaining the demurrer. The allegation that the adjuster of the company made out a proof of loss does not of itself show a waiver on the part of the com- pany. If he made it out in behalf of the insured, it does not appear that she authorized or adopted it, for it is alleged that he failed to obtain her signature thereto.

We affirm the judgment of the court below, with di- rection that the plaintiff may, if it can, make good its

declaration by alleging the facts necessary to show its interest as mortgagee and the amount thereof, and by alleging also that the proof of loss was waived and how and when waived, or else that it was made within due time and how and when made; these amendments to be filed not later than the time of entering in the court below the *remittitur* from this court.

*Judgment affirmed, with direction.*