## 23480.   PILGRIM HEALTH AND LIFE INSURANCE COMPANY *v.* CHISM.

DECIDED APRIL 7, 1934.

*G. N. Bynum,* for plaintiff in error. *Frank A. Doughman,* contra.

SUTTON, J.   This was a suit on a life-insurance policy, instituted by the wife of the insured, who was the beneficiary under the policy. The petition shows that the insured disappeared in November, 1928, that the premiums on the policy were paid through April, 1929; that the plaintiff made every effort to locate the insured, but was unable to do so; that in January, 1931, the plaintiff was informed that the insured died in December, 1928; that

the plaintiff procured from the State vital statistics bureau a certificate of his death; that proof of the death of the insured was then made by her to the insurer, and payment of her claim was refused upon the ground that proof of death had not been made in one year from the date of the death of the insured; that the policy provided that "No suit shall be brought against the company after one year from the death of the insured. Proofs of death under this policy shall be furnished to the company within one year from the date of the death of the insured"; and that within twelve months from the time plaintiff learned of the death of the insured she brought suit. The insurer demurred to the petition on the ground that any cause of action the plaintiff might have had was barred under the above provision in the policy. The trial judge sustained this demurrer. The appellate division of the trial court reversed this judgment, the defendant sued out certiorari and the superior court overruled the certiorari; to which judgment the defendant excepted.

A clause in a policy of life insurance, requiring the furnishing of notice and proof of death of the insured within one year from the death of the insured, and providing that suit must be brought within one year from his death, is a valid and binding provision and the beneficiary is bound thereby, unless the circumstances are such as to excuse a delay in complying therewith on the part of the beneficiary. 37 C. J. 556, § 309; *Jackson* v. *Southern Mutual Life Ins. Co.*, 36 *Ga.* 429; *National Life Ins. Co.* v. *Jordan*, 21 *Ga. App.* 647 (94 S. E. 862). However, such stipulations are not necessarily in every instance to be literally complied with in order to prevent a forfeiture of the policy or to allow a recovery thereon. The condition that notice shall be given operates upon the contract of insurance only subsequent to the fact of death, and it should therefore receive a liberal and reasonable construction in favor of the beneficiary under the contract. It is settled by an overwhelming weight of authority that where the failure to give prompt notice is not due to the negligence of the beneficiary, but such compliance has been prevented and rendered impossible by an act of God, this would furnish a sufficient legal excuse for the delay in giving the stipulated notice and proof of death; and this doctrine has been applied in cases in which a specified time for the making of such proof has been fixed by the contract. The theory of these

cases is that "it could not have been in the contemplation of the parties that if the insured, who was required to give the notice, was unable to do so by reason of the very accident against which indemnity was given, he should therefore lose such indemnity through no fault of his own." 4 Cooley's Briefs on Insurance, 3462. The same principle is applicable to a beneficiary under a life policy. In *United Benev. Society* v. *Freeman*, 111 *Ga.* 355 (36 S. E. 764), where the condition as to notice to be given was expressly stipulated to be a condition precedent, the Supreme Court recognizes that impossibility of performance by the insured would be sufficient legal excuse for a failure to give the notice within the time required by the terms of the policy. We are of the opinion that, although the time in which the insurer must be notified of the death of the insured and proofs furnished is fixed by the contract of insurance, yet if the death of the insured is unknown to the beneficiary and occurs while the policy is in force, and it is not the fault of the beneficiary that his death is unknown to her, and thereby a literal compliance with the terms of the policy is rendered impossible, the giving of the notice within a reasonable time after the discovery of the death of the insured or within the time stipulated after the cause preventing prior compliance has ceased to exist, this would be a sufficient compliance to prevent a forfeiture. The questions of the sufficiency of the excuse offered, and the diligence of the beneficiary in giving notice after the removal of the disability, are generally questions of fact, to be determined by the jury, according to the nature and circumstances of each case. *North American Accident Ins. Co.* v. *Watson*, 6 *Ga. App.* 193 (64 S. E. 693), and cit. Where, without fault of the beneficiary and without knowledge by her of the death of the insured, notice and proof of death are delayed until after the specified time, the insurer will not be relieved. Peele v. Provident Fund Soc., 147 Ind. 543 (44 N. E. 661, 46 N. E. 990); McElroy v. John Hancock Mutual Life Ins. Co., 88 Md. 137 (41 Atl. 112, 71 Am. St. R. 400). While a provision in a life-insurance policy fixing a specified period, shorter than that prescribed by the general statute on the subject, within which time an action on such a policy may be brought, is generally valid and operates to defeat such an action unless brought within the stipulated time, yet this is not so where the facts and circumstances of the particular case are such as will excuse the delay.

So the failure to bring the suit on the policy within the time provided by the policy is excused where the beneficiary does not know of the death of the insured, until more than the time specified and he notifies the insurer promptly after acquiring such knowledge. 14 R. C. L. §§ 582, 1421; 75 A. L. R. 1501, 1504, note. So where the beneficiary in a life policy is ignorant of the death of the insured, and it is impossible to comply with the provisions in the policy as to giving notice, furnishing proof of death and bringing the action thereon within the time specified, such lack of knowledge on the part of the beneficiary being without her fault, the delay in so complying with the terms of the policy is legally excused. 14 R. C. L. 1333, § 504; Metropolitan Life Ins. Co. *v.* Peoples Trust Co., 177 Ind. 578 (98 N. E. 513, 41 L. R. A. (N. S.) 285) ; Trippe *v.* Provident Fund Soc., 140 N. Y. 23 (35 N. E. 316, 22 L. R. A. 432, 37 Am. St. R. 529) ; Munz *v.* Standard Life &c. Ins. Co., 26 Utah, 69 (72 Pac. 182, 62 L. R. A. 485, 99 Am. St. R. 830) ; 18 L. R. A. (N. S.) 109, note. This view is supported by the weight of authority in this country and in England. 76 A. L. R. 74, 75, 81, note.

This doctrine is recognized in *Gallivitoch* v. *Provident Life &c. Ins. Co.,* 26 *Ga. App.* 385 (106 S. E. 319), and in *Metropolitan Life Ins. Co.* v. *Caudle,* 122 *Ga.* 608 (50 S. E. 337). In the first case cited it was pointed out that the plaintiffs could have instituted the action against the insurance company while they were minors, by next friend, and no excuse was given for their failure so to do. It did not appear that the beneficiaries did not know of the death of the insured. In the *Caudle* case it was pointed out that "No excuse is offered why the action was not brought during this time." In the case of *Maxwell* v. *Liverpool &c. Ins. Co.,* 12 *Ga. App.* 127 (76 S. E. 1036), the insured was a partnership, and it was pointed out that a partnership was a separate entity from its members, and that the fact that one partner was insane and unable to look after the affairs of the partnership and comply with its contracts furnished no excuse for a failure of the partnership or either of the members thereof to perform the duty of looking after the interests of the partnership. A reading of the decision in *Northwestern Mutual Life Ins. Co.* v. *Dean,* 43 *Ga. App.* 67 (157 S. E. 878), affirmed, 175 *Ga.* 321 (165 S. E. 235), will readily disclose that nothing therein ruled upon is in conflict with the hold-

ing in the instant case. In that case the court was not dealing with the failure to furnish notice and proof of death within the prescribed time and failure to bring suit on the policy within the prescribed time, but was dealing with whether or not the insurer waived the payment to it of premiums during the disability, where the insured had not paid the same at the time of his disability. The court said that in that case there was not a question of delay in furnishing the proof, but of failure so to do.

So we reach the conclusion that where the plaintiff did not know of the death of the insured in 1928, at which time the policy was in full force and effect, but promptly, on discovering in 1931 that he had died in 1928, furnished the company with proof of the death, and within twelve months from the time of her discovery of the death of the insured filed suit against the insurer on the policy, the suit was not subject to dismissal upon the ground that the policy provided that "No suit shall be brought against the company after one year from the date of the death of the insured. Proofs of death under this policy shall be furnished to the company within one year from the date of the death of the insured." It follows that the judge of the superior court properly overruled the certiorari.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*