ROSA KRAUSS, ADMINISTRATRIX OF THE ESTATE OF LOUIS KRAUSS, PLAINTIFF-RESPONDENT, v. BROOKLYN FIRE INSURANCE COMPANY ET AL., DEFENDANTS-APPELLANTS.

Submitted February 13, 1943—Decided June 25, 1943.

For the defendants-appellants, *Kristeller & Zucker* (*Saul J. Zucker,* of counsel).

For the plaintiff-respondent, *Parsons, Labrecque & Borden* (*Theodore D. Parsons,* of counsel).

The opinion of the court was delivered by

DONGES, J. This is an appeal from a judgment of the Supreme Court, entered after a jury trial at the Monmouth Circuit, in a suit on three policies of fire insurance.

The plaintiff is the widow and administratrix of the estate of Louis Krauss, who was the named assured in policies of fire insurance issued by each of the three defendant-appellant companies. The policies, which aggregated the face sum of $5,000, covered household furnishings in the home of Mr. and Mrs. Krauss in Asbury Park. On October 2d, 1933, while the Krausses were visiting in New York City, a fire occurred at their home. Mr. Krauss, being informed of the fire the next morning, went to Asbury Park and returned that night, October 3d, to New York. The following morning he again started for Asbury Park, and since that day, October 4th, two days after the fire, he has not been seen or heard from. After waiting the period of seven years, after which presumption of death arises, Mrs. Krauss took the statutory proceedings to have him declared presumed to be

dead and on May 3d, 1941, he was adjudged legally dead and shortly thereafter she took out letters of administration. *R. S.* 3 :42-1, *et seq.* She then brought suit on the policies.

When Krauss went to Asbury Park the day after the fire he called upon his attorney, Leon Anschelewitz, and delivered the insurance policies to the attorney, requesting him to take the necessary steps to claim the loss. Anschelewitz recommended retaining a public fire adjuster, one Charles Silbergleit, who was consulted. Subsequently, and on November 29th, 1933, less than sixty days after the fire, a proof of loss was filed with the local representative of the insurance companies. This proof of loss was not executed by Krauss because he had disappeared, but was signed by Anschelewitz as attorney.

Under date of January 29th, 1934, the insurance companies in a letter to Anschelewitz acknowledged receipt of the proof of loss and rejected it on four grounds, namely, (A) because it was signed by Anschelewitz as attorney in fact but there was no evidence of his authority to so act; (B) the origin of the fire was not correctly stated; (C) the statement of value of the property was inaccurate; and (D) the claimed loss was excessive. This letter also contained a demand that "subject to the conditions of their respective contracts and without waiving any of the conditions and provisions thereof, the assured, Louis Krauss, submit to an examination under oath at a time and place to be later designated."

On March 28th, 1934, the companies wrote Anschelewitz demanding that Krauss appear for examination on April 12th, 1934. This demand, of course, was not complied with and could not be, and on April 23d, the companies wrote Anschelewitz that by reason of the failure of Krauss to appear they considered that he had waived any claim under the policies.

At the trial, defendants moved for a nonsuit upon the opening, for a nonsuit at the close of plaintiff's case and for a directed verdict. The grounds were (1) that no proof of loss had been filed; (2) that the demand for examination had not been complied with; (3) that the suit was not

brought within one year of the loss, as required by the policy; and (4) that the action was barred by the six year limitation of the statute of limitations. The trial judge denied the motions and submitted the case to the jury, charging them that if they believed the assured was available to press his claim and the plaintiff had knowledge of that fact, she could not recover. The verdict was for the plaintiff in the sum of $2,500.

As to the failure to supply proof of loss, the statute *R. S.* 17:36-6, provides that failure to furnish such proof shall not be a bar to recovery, unless the company gives sixty days notice in writing that it requires it. There is no proof in the case that any such notice was given to Krauss, the defendant companies having taken the position he was the only person they would deal with. The letter to Anschelewitz rejecting the proffered proof of loss made no formal demand. Appellant takes the position that if this is so, then the proof of loss that was submitted had no place in the case and that it was error to admit it in evidence. We conclude that it was evidential on the question of whether or not every possible effort was made to comply with the terms of the policies and to proceed in the usual way in making a claim.

Likewise as to the demand for examination of Krauss. The policy provision is that "The insured, as often as required shall * * * submit to examinations under oath by any person named by this company, and subscribe the same * * *." The notice given was not in compliance with the provisions of the policy. *Davidson* v. *Providence, &c., Ins. Co.,* 9 *N. J. Mis. R.* 1085; *State Insurance Co.* v. *Maackens,* 38 *N. J. L.* 564 (at *p.* 572). It did not require appearance before any designated person. Nor was service of any notice or other demand ever made upon Krauss. They could not be, for he was not available. So far as anything the companies might require of Krauss, there was a hiatus—Krauss was not available. Every effort to comply with the terms of the policy was made, but the companies would deal with no one but Krauss, known to be absent. Hence the appellants made no legal demands upon Krauss and cannot complain of his failure.

The appellants urge that there can be no recovery because suit was not commenced on the policies within twelve months next after the fire, and because suit was not commenced within six years after the fire. These grounds may be treated together.

The policy provides, "No suit or action on this policy, for the recovery of any claim, shall be sustainable in any court of law or equity until after full compliance by the insured with all the foregoing requirements, nor unless commenced within twelve months next after the fire." Appellants urge that suit must be started within the twelve months period after the fire.

R. S. 2:24-1 provides in part, that "all actions in the nature of * * * debt, founded upon a lending or contract without a specialty * * * actions of account, actions in the nature of actions upon the case" (except as therein provided), "shall be commenced within six years next after the cause of any such action has accrued and not thereafter."

Appellants rely upon *Valente* v. *Boggiano,* 107 *N. J. L.* 456, where it was held that the statute of limitations ran despite the fact that no administrator was appointed for eleven years after the death of the holder of the promissory note, which fell due after the payee died, upon which suit was brought.

In that case it was said: "The view taken by the majority of courts in other jurisdictions, touching the precise point before us, is that a cause of action cannot be said to accrue until there is some definite person legally qualified to enforce it; and hence, that if there is no such person when, for example, a note matures, the "cause of action" waits, and with it the commencement of the six years period, until the needed person is ascertained. The leading case to this effect is *Murray* v. *East India Co.,* 5 *Barn. & Ald.* 204, decided in 1821, and followed by most of our state courts. 37 *Corp. Jur.* 1034; 17 *R. C. L.* 751."

The court further said (at *p.* 460): "But as an infant may sue by next friend, or a lunatic by committee, notwithstanding the disability, so may those interested in the estate,

as pointed out by the California court, procure the appointment of a representative qualified to sue."

Herein, seems to be the distinction between the *Valente* v. *Boggiano* case and the one under review.

In the Valente case the death of the payee was known, and the persons interested in the estate slept on their rights. No administration of his estate was taken out for more than ten years after his death.

In the instant case, there was no one who could prosecute a suit; there was no one who could apply for letters of administration, because the essential fact of death of the insured was not known; and until the statutory presumption of death, after disappearance for at least seven years, no one could assert that the insured was dead. After the necessary lapse of time to have the insured declared presumed to be dead, the interested parties moved with all reasonable diligence. They were not guilty of laches.

As stated in *Valente* v. *Boggiano*, most authorities have followed *Murray* v. *East India Co.* An exception is the State of California, but that state has adopted in a case very like the present one a salutary rule. In *Linneweber et al.* v. *Supreme Council C. K. A.*, 158 *Pac. Rep.* 229, the District Court of Appeal, of the First District, held, in a case where it was necessary to wait seven years to prove the presumption of death, "under these conditions, the case of *Benjamin* v. *District Grand Lodge, &c. (Sup.)*, 152 *Pac. Rep.* 731, has direct and controlling application to the case at bar. Under the authority of that case, as well as under the express terms of section 197, of the policy or certificate of insurance, these plaintiffs, if, as the beneficiaries of James Martin, they were entitled to sue at all, were entitled to await the termination of the seven-year period which would give rise to the presumption of Martin's death before commencing their action; and, this being so, the statute of limitation could not have operated as a bar to this action." The California Supreme Court refused further review and apparently agreed with the holding.

We conclude that the true rule is that the limitation on

the beginning of an action on these policies, whether by the terms of the policies or by statute, did not begin to run until a cause of action accrued, *Weinstein* v. *Blanchard,* 109 *N. J. L.* 332, and that, in the instant case, a cause of action had not accrued until there was some one competent to sue as well as some one competent to be sued.

The judgment is affirmed.

*For affirmance*—THE CHIEF JUSTICE, PARKER, BODINE, DONGES, HEHER, PERSKIE, PORTER, COLIE, DEAR, WELLS, RAFFERTY, HAGUE, THOMPSON, JJ. 13.

*For reversal*—CASE, J. 1.