### 34325. KEITH v. THE STATE.

TOWNSEND, J. 1. (a) The postponement of the trial of a case because of the absence without leave of counsel who is engaging in the trial of a case in another court in another State is within the discretion of the court, but a postponement for such cause is not favored. *Kennedy* v. *Dukes*, 137 *Ga.* 209 (2) (73 S. E. 400); *Progressive Life Insurance Co.* v. *Haywood*, 53 *Ga. App.* 231 (1) (185 S. E. 534); *Austin* v. *State*, 160 *Ga.* 509 (128 S. E. 791); Code, § 81-1413.

(b) Where, as here, the plaintiff in error and one Carlton Clemons were jointly indicted for the offense of robbery, both employed the same counsel, and, on the call of the case elected to sever, and where the employed counsel associated with him local counsel and tried the

Clemons case with the assistance of such counsel on May 29, 1952, the trial resulting in a verdict finding Clemons guilty as charged, and leading counsel, at the conclusion of the case, requested a continuance on the ground that it was necessary for him to appear in a United States District Court of Alabama the next morning, although associate counsel would be present in the court—it was entirely within the discretion of the court whether to grant the continuance, on terms or otherwise.

2. (a) The court having agreed to a continuance expressly conditioned upon the defendant's giving a lawful bond in the sum of $5000, no such bond having been proffered by 11 a.m. on the following morning, and associate counsel being present in court, it was not error to call the case for trial, the defendant having the benefit of the services of the associate counsel who had assisted in the trial of the companion case, and also those of another attorney appointed by the court.

(b) After the case had been called for trial, and while the jury were being impaneled, the defendant for the first time offered a bond which was then refused by the court. No copy of the bond appears in this record or in the bill of exceptions, but counsel for the plaintiff in error admits by affidavit attached to the amended motion for a new trial that the bond did not meet the specifications of the trial court. The instrument not being before us for examination, it will be presumed that the court did its duty, and that whatever ought to have been done in the premises was rightly done, and that the refusal to approve the bond under the circumstances was proper. *Nashville, C. & St. L. Ry.* v. *Ham,* 78 *Ga. App.* 403 (50 S. E. 2d, 831); *Creaden* v. *Krogh,* 75 *Ga. App.* 675 (44 S. E. 2d, 136); *Findley* v. *City of Vidalia,* 204 *Ga.* 279 (49 S. E. 2d, 658); *Steele* v. *Steele,* 203 *Ga.* 505 (46 S. E. 2d, 924).

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*

Decided November 12, 1952—Rehearing denied December 4, 1952.

*Bobby Lee Cook,* for plaintiff in error.
*Jas. T. Manning, Solicitor-General,* contra.