39162.  BUFFALO INSURANCE COMPANY v.
STEINBERG *et al.*

DECIDED JANUARY 16, 1962—REHEARING DENIED
FEBRUARY 15, 1962.

370

[redacted]

*J. Walker Harper, Fulcher, Fulcher, Hagler & Harper,* for plaintiff in error.

*Maurice Steinberg,* contra.

BELL, Judge. ■ The defendant's motion for judgment notwithstanding the verdict is based upon the contention that there was no compliance with the terms of the policy relating to time of filing of proof of loss and of filing suit, and the terms of the contract prevent any action being maintained on the policy. In response the plaintiff contends that the insurer waived the provision of the policy concerning the time for filing the proof of loss and that the circumstances in the case concerning the presumption of death of the insured, together with the time required for appointment of a conservator of her estate, have abated the enforcement of the provision of the policy requiring that the action be brought within 12 months after the inception of the loss.

A review of the evidence shows that the insured's whereabouts were unknown from a time beginning prior to the loss, and diligent efforts to locate her proved unavailing; that after a period of time searching for the insured, the mortgagee instituted proceedings climaxing in his appointment as conservator of her estate; that promptly thereafter he filed proof of loss in the name of the insured with the company's representatives and made demand for the payment, which was refused. During this entire period the uncontradicted evidence does not show any denial by the insurer of liability under the policy, but, on the

contrary, there is shown a continuing contact between the mortgagee, the insurer's adjuster, and finally the attorney representing the defendant insurer, with a view to having the proof of loss filed by the insured.

In *Pilgrim Health &c. Ins. Co. v. Chism,* 49 Ga. App. 121 (2, 3) (174 SE 212), this court held that while the clause in a policy of *life* insurance which required furnishing of notice and proof of death of the insured within one year from the date of death and that suit must be brought within one year from the death is valid and the beneficiary is bound thereby, where the death of the insured was unknown to the beneficiary and occurred while the policy was in force and it was not the fault of the beneficiary that the death of the insured was unknown to her and thereby a literal compliance with the terms of the policy was rendered impossible, the giving of notice within a reasonable time after discovery of the death of the insured, or within the time stipulated after the cause preventing prior compliance had ceased to exist, would be a sufficient compliance to prevent the forfeiture of the policy. "The questions of the sufficiency of the excuse offered, and the diligence of the beneficiary in giving notice after the removal of the disability, are generally questions of fact, to be determined by the jury, according to the nature and circumstances of each case." Ibid., p. 123. See also, *Godley v. North River Ins. Co.,* 51 Ga. App. 242, 243 (180 SE 385); *Progressive Life Ins. Co. v. Haygood,* 53 Ga. App. 231 (185 SE 534); and *Hulme v. Mutual Benefit Health &c. Assn.,* 60 Ga. App. 65 (2 SE2d 750).

In Krauss v. Brooklyn Fire Insurance Co., 130 N.J.L. 300 (33 A2d 100) the insured disappeared two days after the fire. He not having been seen or heard from, his widow waited the statutory period of seven years, after which the presumption of death arose and the insured was adjudged legally dead. She then brought suit upon the policies. In holding the action was maintainable and was not barred by the one-year limitation clause in the insurance policy nor the six-year statute of limitations in the State, the court held that, "the limitation on the beginning of an action on these policies, whether by the terms of the policies or by statute, did not begin to run until a cause

of action accrued . . . and that . . . a cause of action had not accrued until there was someone competent to sue as well as someone competent to be sued."

The extensive regulation of insurance shows conclusively that it is a matter highly affected with a public interest. To allow the insurer to be relieved of liability for an admitted loss falling within the terms of the policy, under the circumstances of this case, would be unreasonable and would confer a totally unwarranted gratuity upon the company at the expense of the premium payor or his estate. While admittedly the contractual period limiting the bringing of an action is valid, it must not be held to be unconscionably inflexible. Accordingly, where, as here, there was no one competent to bring the action for the insured until appointment by the court, the limitation may be found by the jury to have been postponed for the period required to accomplish the appointment, plus a reasonable period in which to bring the suit. To hold otherwise would violate the long established precept of the law that forfeitures are not to be favored against innocent and helpless victims of unfortunate circumstances.

Under the factual situation of the present case, we hold that the bringing of the action by the conservator of the estate of the insured was not barred, as a matter of law, by the twelve-month provision for bringing the action on the policy of insurance nor by the failure to file proof of loss within sixty days after the loss. The circumstances could be found by the jury to show reasonable diligence in efforts to locate the insured, after which the plaintiff was appointed her conservator and he thereupon, without unreasonable delay, filed proofs of loss, demand upon the company, and then brought the action to recover under the policy.

Nothing in *Dean v. Northwestern Mutual Life Ins. Co.,* 175 Ga. 321 (165 SE 235), two justices dissenting, compels a different conclusion here. While the *Dean* case accepted the principle that the filing of a proof of disability for waiver of premiums was a condition precedent to invoking the waiver of premium provision, it held that the policy was not in force at the time of the insured's death despite the facts that the insured

could not make proof because of his insanity without a lucid interval prior to death, and no one else could make it for him for the reason that no one knew he had the policy of insurance. In the *Dean* case the Supreme Court was not concerned with a question *of delay* in furnishing the proof, but *of failure* to do so. Here we are concerned merely with a delay; we are not confronted with a failure to furnish the proof of loss. In addition, the company had actual knowledge of the loss; the policy was in force at the time of loss; and there was evidence from which the jury could conclude that the filing of proof of loss was waived or the time for filing was extended.

Under the authority of the *Pilgrim* case and other decisions cited, the sufficiency of the excuse offered was a question of fact for the jury to determine, which it has determined adversely to the defendant.

■ The defendant cites the provision of the policy which declares that, "If the insured fails to render proof of loss such mortgagee, upon notice, shall render proof of loss in the form herein specified within 60 days thereafter and shall be subject to the provisions thereof relating to appraisal, time of payment, and of bringing suit," and urges that the provision placed the burden upon the mortgagee here to render the required proof of loss. We do not agree. In the present case there were facts which could be found by the jury to have excused the insured from making the proof of loss. There was, therefore, no failure to render proof of loss within the above clause.

We do not regard the case of *Southern Home Building &c. Assn. v. Home Ins. Co. of New Orleans*, 94 Ga. 167 (21 SE 375, 27 LRA 844, 47 ASR 147) as governing the present action. There was nothing in that case to show any waiver or other justifiable reason for dispensing with the filing of proof of loss. Furthermore, there was in this case evidence from which the jury could have found the insurer waived the requirement as to time set out in the policy for filing proof of loss. *New York Underwriters Ins. Co. v. Noles*, 101 Ga. App. 922 (115 SE2d 474); *Sentinel Fire Ins. Co. v. McRoberts*, 50 Ga. App. 732 (179 SE 256); and 49 ALR2d 87, 95 n., 113 n., and § 8, p. 107 et seq.

374

The trial court properly overruled the motion for judgment notwithstanding the verdict.

■ Special grounds 4 and 5 of the defendant's amended motion for new trial assign error in the court's charging the jury upon the refusal to pay in bad faith and the right of the jury to return penalties and attorney's fees if they found bad faith and that the verdict for the principal amount of the policy plus attorney's fees was contrary to the evidence and without evidence to support it.

As repeatedly defined, "bad faith" which will justify the jury in awarding penalties and attorney's fees under *Code* § 56-706 means a frivolous or unfounded refusal in law or in fact to pay according to the terms of the policy.

The persuasiveness of the evidence offered as to the seasonableness of the bringing of the action and that offered in justification of the failure to comply with the time requirements of the policy for the filing of proof of loss were matters exclusively for determination by the jury. Certainly, the insurer had a defense which warranted its submission to the jury, and it cannot be held in this situation to have refused to pay the loss in bad faith.

Furthermore, the question presented here as to whether the provision of a *fire* insurance policy requiring institution of the suit within twelve months may be tolled by the inability to find the insured does not appear to have been passed upon by the appellate courts of this State. For this additional reason, the insurer may not be held to be guilty of a frivolous or unfounded refusal to pay in bad faith.

The trial court erred in overruling the defendant's motion for new trial on special grounds 4 and 5.

*Judgment is affirmed on the condition that the sum awarded as attorney's fees be stricken from the judgment within ten days from receipt of the remittitur from this court; otherwise, the case stands reversed, and a new trial is granted. Felton, C. J., and Hall, J., concur.*