## 58754. RUTLEDGE v. THE STATE.

BIRDSONG, Judge.

Jerry G. Rutledge was convicted of a violation of the Controlled Substances Act and of aggravated assault. He was sentenced to serve eight years on each count, to be served consecutively. Rutledge brings this appeal enumerating six errors. *Held:*

1. In his first two enumerations of error, Rutledge complains that the trial court erred in denying motions for continuance. The first motion was based upon a complaint that on the day before trial, the state amended the list of witnesses to be called. The facts show that the witness to be called was a confidential informer who was an eyewitness and who testified to the sale of the controlled substance; he also had witnessed the aggravated assault. The second motion for continuance was based upon the temporary absence of lead counsel in another case.

(a) The witness called by the state was made known to the defense on the day before the trial commenced. The state had previously turned over its entire file to the defense and thus the totality of the information was already known to the defense. In addition, counsel for Rutledge had talked briefly to the witness on the day before trial, but the witness did not desire to talk at length with the defendant's counsel. Thus, we are faced with a situation where the defense knew as much about the

witness' testimony as did the state; the defense had had an opportunity to interrogate the witness before trial and the witness was at best a reluctant witness not wishing to talk to the defense.

A demand for a list of witnesses prior to arraignment is for discovery; after arraignment it is to prevent surprise. See *Hicks v. State*, 232 Ga. 393, 399 (207 SE2d 30). Appellant obviously bases his enumeration upon the issue of surprise and not lack of discovery. Yet the facts show that appellant was basically aware of that to which the witness could testify, had had an opportunity to interrogate the witness prior to trial, and was frustrated in obtaining information only because the witness was reluctant to talk with the defense. Code § 27-1403 traditionally has not been interpreted narrowly, but has been construed to accomplish its purpose of giving accurate, timely notice. *Newman v. State*, 237 Ga. 376, 381 (228 SE2d 790). Moreover, the doctrine of harmless error is applicable to flaws in the prosecution's compliance with the statute. *Clark v. State*, 138 Ga. App. 266 (226 SE2d 89). Assuming arguendo that there may have been a technical violation of the spirit of the statute, appellant has shown no resultant and inevitable prejudice because of the brevity of time between notification and the calling of the witness. It is an old and sound rule that error to be reversible must be harmful. *Dill v. State*, 222 Ga. 793 (1) (152 SE2d 741).

(b) The second motion for continuance was based upon the temporary absence of lead counsel. We observe that Rutledge was represented by a legal firm of three attorneys. One member of that firm presented some thirteen pretrial motions, sixteen requests to charge, and several post-trial matters. That same attorney was present in court when the case was called for trial and asserted that the apparent senior partner was "lead" counsel, was absent in the trial of another case, and requested a continuance until the "lead" counsel could be present. The attorney present struck the jury and represented Rutledge during the state's opening argument. Approximately a minute or two after the state's first witness commenced his testimony, the "lead" counsel entered the courtroom and was present during the

remainder of the trial. Thus, we are not confronted with the situation of an entirely new counsel being presented with a complex case and having absolutely no familiarity with the case or being totally unprepared. It is apparent that the counsel who did most of the case preparation was present, even though he might not have been the senior partner or the ostensible "lead" counsel.

We first observe that a motion for continuance is addressed to the sound discretion of the trial court and a denial will not be disturbed in the absence of a manifest abuse of discretion. *Dutton v. State*, 228 Ga. 850, 851 (2) (188 SE2d 794); *Cooper v. State*, 148 Ga. App. 301 (251 SE2d 157). Moreover, the absence of counsel is not a favored excuse for not proceeding to trial and excuses of this sort should be discountenanced. Where absence is based upon attendance at the trial of a case pending in another court, this has been held to furnish no ground for continuance. *Austin v. State*, 160 Ga. 509 (1) (128 SE 791); *Keith v. State*, 87 Ga. App. 308 (1) (73 SE2d 595). See *Hamrick v. Stewart*, 29 Ga. App. 220 (1) (114 SE 723). Especially is this true where competent counsel other than the absent counsel is present in court, and it is not shown that the defendant was injured by the absence of his leading counsel. *Curry v. State*, 17 Ga. App. 377 (2) (87 SE 685). Rutledge has not shown that an inadequate jury was selected or that his representation was less than adequate. He merely argues the temporary absence of "lead" counsel. Under these circumstances we find no error in the denial of a continuance because of the brief absence of one of three counsel, all members of the same firm. It follows that we find no merit in the first two enumerations of error.

2. In his third enumeration of error, appellant contends that the trial court erred in not enforcing its order to grant appellant a psychiatric examination prior to trial inasmuch as insanity was the appellant's only defense. The facts show that upon motion the trial court did grant a motion requesting that appellant be examined by the county doctor to determine if further examination was required. Prior to a determination being made, the state ascertained that Rutledge had been examined by a doctor at the state mental hospital. Appellant was also examined by his own psychiatrist. At trial, the state relied

upon the presumption of sanity and presented no evidence pertaining to mental responsibility in its case in chief. Rutledge called as his witness his own psychiatrist who testified that Rutledge was not criminally responsible for his acts. In rebuttal the state called the psychiatrist from Central State Hospital who rebutted the testimony of the defense psychiatrist. The trial court was aware of the contemplated course of action and declined to require the state to furnish yet another psychiatric examination prior to trial. We find no error in this action by the trial court. Appellant obtained what he desired. He was psychiatrically examined at least twice before trial and the results of those examinations were presented to the jury under appropriate instructions to aid the jury in determining the mental responsibility of the defendant for the offenses with which he was charged. Appellant withdrew his special plea of insanity and proceeded on a general plea of not guilty with mental responsibility to be decided as an additional issue by the jury. Under such circumstances the granting of the motion and its enforcement was within the sound discretion of the trial court. Appellant has shown no harm to his substantial rights. *Holsey v. State*, 235 Ga. 270, 272 (3) (219 SE2d 374). This enumeration likewise lacks merit.

3. In his fourth enumeration of error, appellant argues that the trial court erred in denying a motion for mistrial. The facts show that the state offered evidence of escape and flight to show guilt. On objection that the incarceration from which the appellant escaped was for an unrelated offense, the state took a brief recess to inquire if such was indeed the fact. Upon determining that the escape from confinement was for an unrelated matter the state apologized to the court. Counsel for Rutledge moved for a mistrial which the state resisted urging that the mistake was innocent. The trial court denied the mistrial and gave the jury appropriate instructions to disregard the testimony. At no other time was the jury informed of any misconduct other than that Rutledge had been apprehended for the offenses for which he was on trial. Thus though the testimony as to the alleged escape was improper, no offense other than an alleged escape was brought to the jury's attention. This information was

removed from their consideration.

Where a motion for mistrial is made on the grounds of inadmissible evidence illegally placed before the jury, the corrective measure to be taken by the trial court is largely a matter of discretion, and where the proper corrective measures are taken and there is no abuse of that discretion, the refusal to grant a mistrial is not error. *Osteen v. State*, 83 Ga. App. 378, 381 (63 SE2d 692). If the defendant's counsel deemed the instruction or admonition of the jury inadequate to remove the harmful effect, it was incumbent upon him to request further instructions or renew his motion for mistrial after the corrective action, which he did not do. *Pitts v. State*, 141 Ga. App. 845, 846 (3) (234 SE2d 682). We find no error in the remedial action taken by the court.

4. In his fifth enumeration of error, appellant argues that the trial court erred in allowing into evidence a knife which was similar to the one used to inflict the cut on the chest of the victim but was not shown to be the actual knife used by appellant. Initially we note that the knife admitted was not only "similar" to the one used, but was the same knife removed from the rear trouser pocket of the appellant when he was apprehended.

Where it appears without dispute that the crime was committed with a knife, it would make no material difference whether the knife found on the defendant was the particular knife with which the crime was committed. The identification was sufficient to authorize the jury to decide, under the evidence relative to identification, whether or not it was the identical weapon used by the defendant. *Evans v. State*, 228 Ga. 867 (4) (188 SE2d 861). See *Jung v. State*, 237 Ga. 73, 74 (226 SE2d 599). Appellant apparently also urges this enumeration on the basis of the "best evidence" rule. The rule is inapplicable here. The rule has nothing to do with evidence generally, but is restricted to writings alone. *Willingham v. State*, 134 Ga. App. 603, 606 (215 SE2d 521). This enumeration is without merit.

5. In his last enumeration of error, appellant asserts that the state did not prove venue with reasonable certitude. We disagree. Though two witnesses testified that the trailer wherein the offenses took place was close

to a county line, they also testified without contradiction that they believed the trailer to be within Carroll County. Though each witness was forced to admit that he could not positively exclude the possibility that the trailer was situated in another county, each was not shaken from his testimony that the trailer was actually situate in Carroll County. No evidence was offered to rebut this testimony. Evidence of venue, though slight, is sufficient in the absence of conflicting evidence. *Loftin v. State*, 230 Ga. 92, 93 (195 SE2d 402); *Carter v. State*, 137 Ga. App. 824, 826 (4) (225 SE2d 73). In this case the credibility of the witnesses' testimony was attacked, but the evidence was not in conflict. There is no merit in this enumeration.

*Judgment affirmed. Quillian, P. J., and Smith, J., concur.*

Argued October 18, 1979 — Decided November 21, 1979 — Rehearing denied December 10, 1979.

*Andrew Murphy, Alton T. Milam, Frank G. Smith,* for appellant.

*William F. Lee, Jr., District Attorney,* for appellee.